**UNITED STATES COURT OF APPEALS**

**April 7, 2009**

**TENTH CIRCUIT**

---

JOSEPH BRADSHAW; TIMOTHY
TUTTAMORE,

        Plaintiffs–Appellants,

    v.

BOP DIRECTOR LAPPIN; ADX
WARDEN WILEY; UNIT TEAM
MEMBER COLLINS; UNIT TEAM
MEMBER MRS. SUDLOW; UNIT
TEAM MEMBER MADISON; F.R.P.
COORDINATUR [sic] JAVERNICK;
D.R. [sic] LEYBA; D.R. [sic]
NAFZIGER; P.A. OSAGIE;
UNKNOWN MEDICAL STAFF;
UNKNOWN DENTIST; UNKNOWN
UTILIZATION COMMITTEE
MEMBERS; UNKNOWN
PROJECTED UNIT TEAM
MEMBERS,

        Defendants–Appellees.

No. 08-1160

(D.C. No. 07–CV–02422–ZLW)

(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HARTZ**, **McKAY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2). The case is therefore ordered submitted without oral argument.

Plaintiff Joseph Bradshaw, an inmate at a federal prison, filed a civil rights complaint pursuant to 28 U.S.C. § 1331 and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), naming several employees of the Bureau of Prisons as Defendants and asserting that these Defendants had shown deliberate indifference to his medical needs. Plaintiff subsequently filed an amended complaint that added additional plaintiffs, defendants, and claims. In the amended complaint, Mr. Bradshaw reasserted his two original medical claims, and Plaintiff Timothy Tuttamore also asserted multiple claims related to his own medical care. The amended complaint further asserted that Defendants had violated the civil rights of Plaintiffs Joseph Bradshaw, Timothy Tuttamore, and Jamie McMahan by setting a schedule for Plaintiffs to make restitution payments pursuant to the Inmate Financial Responsibility Program (IFRP), 28 C.F.R. § 545.10-11, and informing them that they would never be allowed to phase out of segregation in a supermax facility if they did not comply. Plaintiffs contended that the Bureau of Prisons lacks the legal authority to schedule payment plans for restitution and can only enforce payment plans scheduled by the sentencing court, and they asserted that none of their respective restitution orders established such a payment schedule.

After Plaintiffs filed their amended complaint, the district court concluded *sua sponte* that all of Plaintiffs' claims should be dismissed.  The court held that Plaintiffs' common claim regarding the BOP's scheduling of restitution payments was legally frivolous because "[e]very court to consider a challenge to the IFRP's constitutionality has upheld it."  (Order of Dismissal, R. Doc. 34 at 3.)  The court therefore dismissed this claim with prejudice pursuant to 28 U.S.C. § 1915A(b).  The court dismissed Mr. Bradshaw's and Mr. Tuttamore's medical claims without prejudice and directed them to file these claims in separate lawsuits because the claims were not common to all Plaintiffs in this action.

Plaintiffs Bradshaw and Tuttamore[1] jointly argue on appeal that the district court erred in dismissing their restitution payment claim as legally frivolous where Tenth Circuit authority indicates that a district court may not delegate to the Bureau of Prisons the responsibility of setting payment schedules for restitution under the IFRP.  Mr. Bradshaw additionally argues that the district court erred in dismissing his medical claims rather than dropping Mr. Tuttamore's medical claims for misjoinder and allowing Mr. Bradshaw to proceed on his claims in this action or, at least, severing Mr. Bradshaw's medical claims so that he could proceed on those claims separately without filing a new complaint.

Plaintiffs argue that the district court erred in concluding that their

---

[1] Mr. McMahan was dismissed from the appeal for failure to prosecute because he did not pay the fee or file a completed motion for leave to proceed *in forma pauperis*.

restitution payment claim was frivolous based on authority from other circuits that dealt with the constitutionality of the IFRP generally. Plaintiffs argue that these cases did not consider whether the BOP has the authority to set restitution payments in light of the statutory requirements that "the length of time over which scheduled payments will be made *shall be set by the court*," 18 U.S.C. § 3572(d)(2) (emphasis added), and that the sentencing court "shall, pursuant to section 3572, specify in the restitution order the manner in which, and the schedule according to which, the restitution is to be paid," 18 U.S.C. § 3664(f)(2). Plaintiffs note that they pointed the district court to relevant Tenth Circuit authority holding that this statutory scheme does not permit the sentencing court to delegate authority to the BOP to decide on the scheduling of restitution payments, and they argue that the district court erred by simply ignoring this precedent in dismissing their complaint. We agree.

The Tenth Circuit case cited by Plaintiffs, *United States v. Overholt*, 307 F.3d 1231, 1256 (10th Cir. 2002), holds that there is "no room [in the statutory scheme] for delegation by the district court with respect to payment schedules for restitution." In light of this holding, it seems problematic to conclude that the BOP may assume for itself a responsibility that the district court is not permitted to delegate to it. To the extent the extra-circuit authority cited by the district court is in conflict with *Overholt*, it has no persuasive value in this circuit. Therefore, although we reach no conclusions about the ultimate merits of this

case or any other procedural issues that may be present, we conclude that the district court's dismissal of the action as legally frivolous based on this authority was erroneous. We thus remand this claim for further consideration.

We also conclude that the district court erred in dismissing Mr. Bradshaw's two medical claims for misjoinder without analyzing the consequences of that dismissal on the record. In the original complaint, Mr. Bradshaw indicated that he was filing his medical claims before filing the common IFRP claims because he was concerned that his medical claims would soon be barred by the statute of limitations, yet it is not apparent that the district court considered the effect of its dismissal on the viability of these claims.[2] The district court likewise did not seem to consider the fact that the dismissal of these claims would require Mr. Bradshaw to pay another filing fee to have these claims considered, even though the court had required Mr. Bradshaw to pay the entire filing fee for the original action without contribution from his co-Plaintiffs.

In another case where a district court dismissed claims for misjoinder of plaintiffs, the Seventh Circuit held that the court erred in dismissing claims that were subject to the statute of limitations rather than severing the misjoined

---

[2] Mr. Bradshaw has filed a supplemental appellate brief indicating that he may have been mistaken regarding the applicable statute of limitations. However, at the time the court dismissed the action, all of Mr. Bradshaw's filings indicated that the statute had run shortly after he filed the original complaint. Thus, the court erred in dismissing his medical claims without evaluating on the record whether the applicable statute of limitations would in fact bar him from litigating these claims.

plaintiffs' claims. *Elmore v. Henderson*, 227 F.3d 1009, 1012 (7th Cir. 2000). The court noted that "in formulating a remedy for a misjoinder the judge is required to avoid gratuitous harm to the parties, including the misjoined party." *Id.* The Third Circuit has similarly stated: "Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is 'just.'" *DirecTV, Inc. v. Leto*, 467 F.3d 842, 845 (3d Cir. 2006). "Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance." *Id.* at 846. We find these cases persuasive, and we conclude that the district court erred under the circumstances of this case in dismissing Mr. Bradshaw's medical claims without any apparent consideration of the effects dismissal would have.

For the foregoing reasons, we **REVERSE** the district court's dismissal with prejudice of Mr. Bradshaw and Mr. Tuttamore's common restitution payment claim and the court's dismissal without prejudice of Mr. Bradshaw's medical claims, and we **REMAND** for further proceedings not inconsistent with this order and judgment. In so doing, we reach no conclusions as to the ultimate merits of this case, nor do we reach any procedural issues that may be raised on remand. We **GRANT** Mr. Bradshaw's and Mr. Tuttamore's motions to proceed on appeal

without prepayment of filing fees, and we remind them of their continuing obligation to make partial payments until the fee has been paid in full.  All other pending motions are **DENIED**.

Entered for the Court


Monroe G. McKay
Circuit Judge