FILED
United States Court of Appeals
Tenth Circuit

April 19, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

TIMOTHY S. TUTTAMORE,

        Plaintiff - Appellant,

      v.

BOP DIRECTOR LAPPIN, in his official capacity; REGIONAL DIRECTOR NALLEY, in his official and individual capacity; WARDEN BLAKE DAVIS, in his official and individual capacity; SIS SMITH, individual capacity; DHO RAMIREZ, individual capacity; MRS. LARIVIA, individual capacity; MRS. RANGEL, individual capacity; RICHARD MADISON, individual capacity; UNKNOWN SIS OFFICIAL, individual capacity; and UNKNOWN ADX CHAPLAIN'S DEPT. SUPERVISOR,

        Defendants - Appellees.

No. 10-1524

(D. Colorado)

(D.C. No. 1:10-CV-01174-ZLW)

---

TIMOTHY S. TUTTAMORE,

        Petitioner - Appellant,

      v.

WARDEN BLAKE R. DAVIS,

        Respondent - Appellee.

No. 10-1558
(D. Colorado)

(D.C. 1:10-CV-01142-MSK)

---

TIMOTHY S. TUTTAMORE,

        Petitioner - Appellant,

      v.

No. 11-1050
(D. Colorado)

(D.C. No. 1:11-CV-00044-BNB)

DR. ALLRED, ADX Medical Department; A. OSAGIE, ADX Medical Department; M. SMITH, ADX Medical Department; SHENG MO, ADX Medical Department; S. KELLER, ADX Medical Department; R. CAMACHO, ADX Medical Department; B. CINK, ADX Medical Department; DR. VINCENT YU; UNKNOWN ADX PHARMACIST; UNKNOWN LOCAL UROLOGIST; and UNKNOWN ADX UTILIZATION COMMITTEE MEMBERS, in their official and individual capacities,

Defendants - Appellees.

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **ANDERSON**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Timothy S. Tuttamore, proceeding *pro se*, is before our court once again, bringing three appeals from the dismissal of two federal civil rights actions and one 28 U.S.C. § 2241 petition for a writ of habeas corpus. We address each case in turn, after setting out the facts common to all three appeals.

Mr. Tuttamore is a federal prisoner currently incarcerated in the United States Penitentiary, Administrative Maximum ("ADX"), in Florence, Colorado. He is serving a 217-month term of imprisonment, consisting of two concurrent 97-month terms for armed bank robbery, in violation of 18 U.S.C. § 2113(a) and (d), and a consecutive 120-month term for use of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(B).

Prior to these three appeals, Mr. Tuttamore filed a number of actions in our court and other courts. In at least two other district court decisions, the court determined that "[a]n appeal from this decision could not be taken in good faith, and shall not be allowed without prepayment of the requisite filing fee." Tuttamore v. United States, 2005 WL 1502064, at *1 (N.D. Ohio, June 24, 2005) (unpublished); see also Tuttamore v. United States, 2005 WL 234368, at *2 (N.D. Ohio, Feb. 1, 2005) (unpublished) (same). He was also a party to a prior appeal regarding restitution payments, Bradshaw v. Lappin, 320 Fed. Appx. 846 (10th Cir. 2009), in which he was partially successful, and an appeal regarding prison conditions that was dismissed prior to a decision on the merits, Bradshaw v. Lappin, No. 10-1434 (10th Cir. Oct. 19, 2010).

# APPEAL NO. 10-1524

On May 10, 2010, Mr. Tuttamore filed a *pro se* civil rights complaint pursuant to Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971) and 42 U.S.C. § 1997(d) against numerous officials and employees at the prison. The complaint related to a disciplinary proceeding taken against Mr. Tuttamore after a weapon was found in his cell.[1] On June 30, 2010, Mr. Tuttamore filed an amended complaint pursuant to Bivens and various other civil and criminal statutes. He was granted leave to proceed pursuant to 28 U.S.C. § 1915 on July 6, 2010.

On August 17, 2010, the magistrate judge to whom this case was referred ordered Mr. Tuttamore to file, within thirty days, a second and final amended complaint that (1) complied with the pleading requirements of Fed. R. Civ. P. 8; (2) alleged which claims were asserted pursuant to which statute; and (3) alleged the personal participation of each named defendant. On September 2, 2010, Mr. Tuttamore filed a second and final amended complaint pursuant to Bivens, 42 U.S.C. §§ 1997(d), 1985, 1986 and 2000, as well as 5 U.S.C. §§ 551.

The district court dismissed the complaint without prejudice, finding that the claims asserted by Mr. Tuttamore were "conclusory and confusing," "repetitive," and "unnecessarily verbose and . . . confusing." Order of Dismissal at 4, 6 and 7, R. Vol. 1 at 339, 341, 342. The court accordingly concluded that

---

[1]This is the same disciplinary proceeding as the one in Appeal No. 10-1558.

the "September 2 amended complaint does not meet the requirements of Fed. R. Civ. P. 8 and must be dismissed." Id. at 7.[2]

"Rule 8(a) dismissals are reviewed for an abuse of discretion, but to overcome a motion to dismiss, a plaintiff's allegations must move from conceivable to plausible." United States ex rel. Lemmon v. Envirocare of Utah, Inc., 614 F.3d 1163, 1167 (10th Cir. 2010).

Under Rule 8, a plaintiff must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 8 serves the important function of enabling the court and the defendants to know what claims are being asserted and to determine how to respond to those claims. General allegations of harm are insufficient. Additionally, rambling narrations of fact coupled with conclusory legal assertions do not assist the court or the defendants. See Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009).

We agree completely with the district court's assessment of Mr. Tuttamore's second amended complaint. It was rambling, disorganized, unfocused, and its legal assertions were conclusory and vague. His appellate brief fares no better, as it, too, is long, rambling and confusing. We conclude that the district court did not abuse its discretion in dismissing Mr. Tuttamore's second amended complaint without prejudice. We therefore affirm the dismissal

---

[2]Because the case was dismissed prior to service, the appellee did not provide a brief.

of Mr. Tuttamore's complaint, for substantially the reasons stated by the district court.

The district court denied Mr. Tuttamore's request to proceed *in forma pauperis* on appeal, finding that "this appeal is not taken in good faith because Plaintiff has not shown the existence of a reasoned nonfrivolous argument on the law and facts in support of the issues raised on appeal." Order at 1, R. Vol. 1 at 349. Mr. Tuttamore has renewed his request before us. We DENY Mr. Tuttamore's motion to proceed on appeal *in forma pauperis* and we remind Mr. Tuttamore to pay the full $455 filing fee forthwith. We DISMISS this appeal as frivolous and assess a strike against Mr. Tuttamore, pursuant to 28 U.S.C. § 1915(g). See Jennings v. Natrona Cnty. Det. Ctr. Med. Facility, 175 F.3d 775, 780 (10th Cir. 1999).

APPEAL DISMISSED.

## APPEAL NO. 10-1558

On May 17, 2010, Mr. Tuttamore filed a *pro se* Petition for a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241. He alleged that prison officials violated his constitutional rights during proceedings which followed the discovery of a dangerous weapon in his cell. He claimed that the disciplinary proceedings that followed violated his due process rights. Mr. Tuttamore also alleged that there was insufficient evidence to convict him of the offense.

The district court reviewed all of Mr. Tuttamore's claims on their merits, rejected them all and denied his request for habeas relief. This appeal followed. We affirm.

**Background**

The facts relevant to this particular appeal are as follows: On May 28, 2009, during a search of Mr. Tuttamore's cell, Bureau of Prisons ("BOP") authorities found a razor blade hidden inside an intercom box. Prison officials wrote an Incident Report, in which they charged Mr. Tuttamore with the disciplinary offense of possessing a dangerous weapon. In accordance with prison regulations, the BOP suspended processing the Incident Report and referred the matter to the Federal Bureau of Investigation ("FBI") for possible criminal charges. The FBI ultimately declined to prosecute Mr. Tuttamore, and referred the matter back to the BOP on or about June 30, 2009. The BOP then resumed its internal disciplinary proceedings against Mr. Tuttamore.

Mr. Tuttamore's case was heard by a BOP Hearing Officer on July 7, 2009. Mr. Tuttamore waived his right to call witnesses or to testify himself, choosing, rather, to rely on a four-page written statement, supplemented by a one-page written statement that he had given previously to the BOP investigators. Mr. Tuttamore denied any knowledge of the razor blade, denied that he could open the intercom box in which the razor was found, and alleged that the details

of the charge against him (i.e., that there was a magnet attached to the non-magnetic intercom box) had been fabricated by BOP personnel, in retaliation for Mr. Tuttamore's involvement in another lawsuit against prison officials.

The Hearing Officer found the BOP witnesses were more credible, so he rejected Mr. Tuttamore's arguments and found Mr. Tuttamore guilty of the charge against him. Accordingly, as punishment, the BOP disallowed forty-one days of earned good time credits, and Mr. Tuttamore was required to serve sixty days in disciplinary segregation. Additionally, he lost certain privileges.

In his habeas petition before the district court, Mr. Tuttamore argued that the disciplinary proceedings violated his constitutional rights in five ways: (1) he was deprived of Due Process, in that he was refused the opportunity to obtain and present exculpatory evidence (the magnet, intercom box and the razor blade); he was denied Due Process in that the "proper appeal remedies" were not followed, although he did not clearly explain exactly what "appeal remedies" he claims were not followed; (3) the BOP failed to comply with various provisions of 28 C.F.R. § 541 governing inmate discipline; (4) the Hearing Officer's finding of guilt stemmed from "vindictiveness to retaliate" against him; and (5) there was insufficient evidence to support the Hearing Officer's finding of guilt.

### Discussion

When reviewing the district court's denial of habeas corpus relief, we review legal issues de novo and review findings of fact for clear error. See

United States v. Eccleston, 521 F.3d 1249, 1253 (10th Cir. 2008). Because Mr.

Tuttamore is proceeding *pro se*, we must construe his filing liberally. Haines v.

Kerner, 404 U.S. 519, 520-21 (1972); Herrera v. Harkins, 949 F.2d 1096, 1097

(10th Cir. 1991). His *pro se* status does not, however, relieve him of the duty to

comply with the various rules and procedures governing litigants and counsel.

See United States v. Ceballo-Martinez, 387 F.3d 1140, 1145 (10th Cir. 2004).

The Fifth Amendment to the Constitution prohibits the taking of liberty or

property, which can include good time credits, without due process. It is also

well established, however, that "'[p]rison disciplinary proceedings are not part of

a criminal prosecution, and the full panoply of rights due a defendant in such

proceedings does not apply.'" Howard v. Bureau of Prisons, 487 F.3d 808, 812

(10th Cir. 2007) (quoting Wolf v. McDonnell, 418 U.S. 539, 556 (1974)).

> Where a prison disciplinary hearing may result in the loss of good
> time credits, . . . the inmate must receive: (1) advance written notice
> of the disciplinary charges; (2) an opportunity, when consistent with
> institutional safety and correctional goals, to call witnesses and
> present documentary evidence in his defense; and (3) a written
> statement by the factfinder of the evidence relied on and the reasons
> for the disciplinary action.

Superintendent, Mass. Corr. Inst. v. Hill, 472 U.S. 445, 454 (1985). Further,

"revocation of good time does not comport with the minimum requirements of

procedural due process unless the findings of the prison disciplinary board are

supported by some evidence in the record." Id. (citation and quotation omitted).

As the district court in this case observed, the "some evidence" requirement does

not obligate the reviewing court to examine the entire record or to make its own determination of the credibility of witnesses or to re-weigh the evidence. Rather, "the relevant question is whether there is any evidence in the record that could support the conclusion reached." Id. at 455-56.

The district court carefully evaluated all of Mr. Tuttamore's arguments in light of the standards set out above. It explained fully and thoroughly why Mr. Tuttamore's complaint lacked merit. We can add nothing more to that analysis. Accordingly, we affirm the denial of Mr. Tuttamore's petition for habeas relief, for substantially the reasons stated in the district court's Opinion and Order, dated November 30, 2010.

We deny Mr. Tuttamore's request to proceed on appeal *in forma pauperis* and remind Mr. Tuttamore to pay the full $455 filing fee forthwith.

AFFIRMED.


### APPEAL NO. 11-1050

Like Appeal No. 10-1524, this *pro se* appeal stems from a federal civil rights action filed by Mr. Tuttamore. In this case, however, he has filed an interlocutory appeal from the denial of injunctive relief. Mr. Tuttamore alleges that the authorities at the ADX were not attending to his medical needs properly. He sought a temporary restraining order and/or preliminary injunctive relief in the form of an order directing prison officials to send him to medical specialists and

ensure that his medical needs were met. When that request was denied, Mr. Tuttamore filed an interlocutory appeal pursuant to 28 U.S.C. § 1292(a)(1). The district court subsequently issued an order denying Mr. Tuttamore permission to proceed on appeal *in forma pauperis*. This interlocutory appeal followed. Because the appellees have apparently not been served in the district court, they have not filed a brief.

Mr. Tuttamore's particular medical ailment about which he complains is an allegedly swollen and painful left testicle. He claims he has received inadequate treatment and asks for an evaluation by a urologist and appropriate medication for pain relief.

To obtain a preliminary injunction, the party seeking the injunction must demonstrate four factors: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public interest." Roda Drilling Co. v. Siegal, 552 F.3d 1203, 1208 (10th Cir. 2009). While a simple preliminary injunction "is to preserve the pre-trial status quo," Mr. Tuttamore's request is effectively for a mandatory preliminary injunction which "requires the non-moving party to take affirmative action." Id. In that event, we require the "movant seeking such an injunction to make a heightened showing of the four factors." Id. at 1209. We realize that mandatory preliminary injunctions are generally and traditionally

-11-

disfavored.  Nonetheless, "when the moving party demonstrates that the 'exigencies of the case require extraordinary interim relief,' the district court may grant the motion upon satisfaction of the heightened burden."  Id. (quoting O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft, 389 F.3d 973, 978 (10th Cir. 2004) (en banc) (per curiam) (Murphy, J., concurring), affirmed, 546 U.S. 418 (2006)).

We review the district court's denial of a preliminary injunction for an abuse of discretion.  Heideman v. South Salt Lake City, 348 F.3d 1182, 1188 (10th Cir. 2003).  In so doing, we review the court's factual findings for clear error and its legal determinations de novo.  See id.[3]

We agree with the district court that Mr. Tuttamore has not demonstrated a likelihood of success on the merits, nor has he demonstrated that he will suffer irreparable injury if no preliminary injunction is issued.  Despite his vehement and repeated (and often repetitious) pleas that he is suffering pain and has not received adequate treatment, the record reveals that he was seen many times by medical personnel and it was their professional and considered opinion that his condition was not serious, was improving, and would resolve itself.  Furthermore,

---

[3]Ordinarily, the "denial of a temporary restraining order is not appealable." Populist Party v. Herschler, 746 F.2d 656, 661 n.2 (10th Cir. 1984).  There is an exception to this, however, "when the order in reality operates as a preliminary injunction."  Id.  That is the case here, as the district court ruled on Mr. Tuttamore's request for a permanent preliminary injunction, thereby "subsuming" his request for a TRO.  Thus, we do not address separately the issue of the TRO.

he has not shown that his threatened injuries outweigh whatever damage the proposed injunction may cause the opposing party, nor has he shown that a preliminary injunction would not be adverse to the public interest.  Our conclusion is particularly firm in light of the fact that Mr. Tuttamore bears a heightened burden to establish these four factors.  We therefore conclude that the district court did not abuse its discretion in denying Mr. Tuttamore's request for a TRO/preliminary restraining order.

The district court denied Mr. Tuttamore's request for leave to proceed on appeal *in forma pauperis*, on the ground that the "appeal is not taken in good faith because Plaintiff has not shown the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised on appeal."  Order at 1, R. Vol. 1 at 266.  Mr. Tuttamore has renewed his request to us to proceed on appeal *in forma pauperis*.  We find this appeal to be frivolous and we DENY Mr. Tuttamore leave to appeal *ifp*, and we remind Mr. Tuttamore to pay in full the $455 filing fee forthwith.  We DISMISS this appeal and issue him a strike under 28 U.S.C. § 1915(g).  See Jennings, 175 F.3d at 780.

APPEAL DISMISSED.

## CONCLUSION

For the foregoing reasons, appeal No. 10-1524 is DISMISSED and a strike is assessed; appeal No. 10-1558 is AFFIRMED; and appeal No. 11-1050 is DISMISSED and a strike is assessed. His requests to proceed ifp on appeal are denied, and Mr. Tuttamore is reminded to pay in full the $455 filing fee for each of these appeals forthwith.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge