FILED
United States Court of Appeals
Tenth Circuit

June 7, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOSEPH BRADSHAW,

          Plaintiff-Appellant,

and

TIMOTHY TUTTAMORE,

          Plaintiff,

v.

LAPPIN, BOP Director; WILEY,
ADX Warden; COLLINS; SUDLOW;
KNOX; MADISON; FOSTER;
FINLAN, Unit Team Members, DR.
LEYBA; D.R. [sic] NAFZIGER; P.A.
OSAGIE; DR. AMIRKHAN;
UNKNOWN MEDICAL STAFF;
UNKNOWN DENTIST; UNKNOWN
UTILIZATION COMMITTEE
MEMBERS; UNKNOWN
PROJECTED UNIT TEAM
MEMBERS,

          Defendants-Appellees.

No. 11-1109
(D.C. No. 1:07-CV-02422-MSK-BNB)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

[*]    After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value

(continued...)

Before **O'BRIEN** and **McKAY**, Circuit Judges, and **BRORBY**, Senior Circuit Judge.

Plaintiff-appellant Joseph Bradshaw is a federal prisoner appearing pro se and in forma pauperis under 28 U.S.C. § 1915. He appeals from the district court's orders dismissing one of the defendants, granting summary judgment to the remaining defendants, and denying various motions in this civil rights case brought pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971). He also has three pending motions in this court. We have jurisdiction under 28 U.S.C. § 1291, deny the pending motions, and affirm.

## I. Background

The district court reviewed the facts in detail, so we need not recite them in detail here. In 2000, Mr. Bradshaw was convicted by a jury in federal court in Massachusetts on six charges, including conspiracy, armed robbery of a postal employee, and attempted murder, and he was sentenced to life in prison. *United States v. Bradshaw*, 281 F.3d 278, 281-82 (1st Cir. 2002). He was also

---

[*](...continued)
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

ordered to pay $94,276.00 in restitution to the United States Postal Service and $300 in special assessments.

Since September 2005, Mr. Bradshaw has been confined by the Bureau of Prisons ("BOP") at the United States Penitentiary-Administrative Maximum in Florence, Colorado ("ADX"), which is one part of the Federal Correctional Complex ("FCC") at Florence. ADX implements the BOP's Inmate Financial Responsibility Program (IFRP), which is designed to encourage inmates to pay their financial obligations, including restitution. *See* 28 C.F.R. §§ 545.10, 545.11. Mr. Bradshaw has sometimes voluntarily participated in the IFRP and at other times has been on "refuse" status. When he participated in the IFRP, $25 per quarter was deducted from his trust account. His obligation for $300 in special assessments has been paid in full.

Mr. Bradshaw would like to be transferred to a less-restrictive facility. We have recently noted that the conditions of confinement at ADX are "undeniably harsh." *Rezaq v. Nalley*, ___ F.3d ___, Nos. 11-1069, 11-1072, 2012 WL 1372151, at *11 (10th Cir. Apr. 20, 2012). "Prisoners housed in the general population unit at ADX spend twenty-three hours a day confined to their cells." *Id.* at *1. But inmates housed at ADX may improve their conditions of confinement by seeking admission to the Step-Down Program, "a stratified system of less-restrictive housing to provide inmates with incentives to adhere to the standards of conduct associated with a maximum security custody program."

R., Vol. 1, at 1078.  Mr. Bradshaw would like to be admitted to ADX's Step-Down Program, but he no longer wishes to participate in the IFRP because he believes that his sentence does not yet require him to pay his restitution obligation.  An inmate's refusal to participate in the IFRP is "one of numerous factors" relevant to the BOP's decision as to whether an inmate is suitable for admission to the ADX Step-Down Program, although it is "not the only factor" or "a determinative factor."  *Id.* at 1065; *see also id.* at 1068.

Mr. Bradshaw also has two chronic health problems:  (1) hepatitis C, which was diagnosed in the 1980's; and (2) supra ventricular tachycardia ("SVT").  As with the IFRP, Mr. Bradshaw became dissatisfied with his medical care at ADX.

Mr. Bradshaw filed this civil rights action under *Bivens*, naming several BOP employees as defendants.  A few months later, he filed an amended complaint, adding claims and defendants.  His amended complaint also added two other ADX inmates, Timothy Tuttamore and Jamie McMahon, as plaintiffs.[1]

The district court concluded sua sponte that the amended complaint should be dismissed and directed plaintiffs to file separate lawsuits asserting their individual medical claims.  Mr. Bradshaw appealed to this court, and he also filed a separate action asserting his medical claims, as directed by the district court.

---

[1]     Neither Mr. Tuttamore nor Mr. McMahon is a party to this appeal at this point.  Mr. McMahon was dismissed from a prior appeal for failure to prosecute.  Mr. Tuttamore was dismissed from this appeal for failing to file a brief.

*See Bradshaw v. Lappin*, No. 08-cv-02542-PAB-KLM, 2010 WL 908925 (D. Colo. Mar. 11, 2010). We reversed the district court's decision and remanded the case for further consideration. *Bradshaw v. Lappin*, 320 F. App'x 846, 849 (10th Cir. 2009) (No. 08-1160). The district court consolidated Mr. Bradshaw's second action with this case.

On remand, the magistrate judge granted Mr. Bradshaw's motion for leave to file an amended complaint. Later, however, the district court adopted the magistrate judge's further recommendation to deny Mr. Bradshaw's motion for leave to file a proposed supplemental amended complaint.

Mr. Bradshaw's claims can be divided into two main categories. First, he asserted that defendants Lappin, Wiley, Leyba, Nafziger, Osagie, and Amirkhan were deliberately indifferent to his serious medical needs related to either his heart condition and/or his chronic hepatitis, in violation of the Eighth Amendment. *See, e.g.*, *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976). Second, he asserted that defendants Lappin, Collins, Sudlow, Knox, Madison, Foster, and Finlan violated his civil rights under the Fifth and Eighth Amendments by requiring him to make restitution payments pursuant to the IFRP. Mr. Bradshaw challenged both the actual deduction of funds from his account when he voluntarily participated in the IFRP, as well as the expected withdrawal of the privilege of participating in the Step-Down Program if he refused to voluntarily make payments toward his restitution obligation.

-5-

The district court ultimately disposed of Mr. Bradshaw's claims in two lengthy orders filed on September 7, 2010, and March 10, 2011. The court dismissed defendant Lappin, the Director of the Federal Bureau of Prisons, because Mr. Bradshaw failed to establish that Director Lappin had minimum contacts with Colorado, and the court therefore lacked personal jurisdiction over him. The court dismissed Warden Wiley because Mr. Bradshaw failed to allege his personal participation in any alleged constitutional deprivation.

The district court granted summary judgment to defendants Collins, Sudlow, Knox, Madison, Foster, and Finlan on Mr. Bradshaw's IFRP claims. The court reasoned that Mr. Bradshaw voluntarily agreed to participate in the IFRP for awhile, so the deduction of funds did not violate his rights. The court further determined that for the time during which Mr. Bradshaw was on "refuse" status, he failed to show that the law was clearly established that withholding privileges for his non-participation violated his constitutional rights, and so defendants were entitled to qualified immunity. The court denied Mr. Bradshaw's motion for reconsideration of that decision.

The district court granted summary judgment to Dr. Nafziger on Mr. Bradshaw's claims for deliberate indifference related to both his heart condition and his hepatitis. The court also granted summary judgment to Physician's Assistant ("P.A.") Osagie and Dr. Amirkhan on Mr. Bradshaw's claims for deliberate indifference related to his hepatitis. The court dismissed

without prejudice Dr. Leyba, who was also named in Mr. Bradshaw's heart condition claim, based on Mr. Bradshaw's failure to provide a current address to the United States marshals in order for them to effect service.

The district court denied Mr. Bradshaw's motion for leave to file documents relating to Dr. Allred, indicating that Dr. Allred was not a party to this suit because he was not named in either the amended complaint or the proposed supplemental amended complaint (which was not filed). The court also adopted the magistrate judge's recommendation to deny Mr. Bradshaw's motion for leave to file the supplemental amended complaint on the basis that it reasserted claims that had been dismissed, which the district court construed to mean that it would be futile to amend. Mr. Bradshaw appeals.

## II. Issues on Appeal

Mr. Bradshaw argues, generally, that the district court impermissibly viewed the evidence in the light most favorable to defendants and resolved material disputes of fact in their favor. He argues, specifically, that the court erred: (1) in granting summary judgment to Dr. Nafziger on his claim for deliberate indifference to serious medical need based on his alleged symptoms of a heart attack or heart disease; (2) in granting summary judgment to Dr. Nafziger, P.A. Osagie, and Dr. Amirkhan on his claim for deliberate indifference to serious

medical need based on his chronic hepatitis[2]; (3) in granting summary judgment to defendants Collins, Sudlow, Knox, Madison, Foster, and Finlan on his IFRP claims for deprivation of funds to pay his restitution obligation without due process; (4) in granting summary judgment to defendants Collins, Sudlow, Knox, Madison, Foster, and Finlan on his IFRP claims alleging that he was punished without due process for refusing to pay his restitution obligation; (5) in denying his motion for leave to file a supplemental amended complaint; (6) in denying his motion for leave to file a supplemental amended complaint at least with regard to Dr. Allred, who was added as a party defendant; and (7) in dismissing Dr. Leyba from the suit without prejudice for failure to effect timely service of process, when the district court denied Mr. Bradshaw's requests for help to find out Dr. Leyba's current address.

### III.  Standards of Review

"This court reviews de novo a district court's entry of summary judgment, viewing the facts in the light most favorable to the nonmoving party." *Rezaq*, 2012 WL 1372151, at *7.  "Summary judgment is appropriate 'if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'"  *Carter v. Pathfinder Energy Servs.,*

---

[2]    Mr. Bradshaw initially named Director Lappin and Warden Wiley in his deliberate indifference claims, but he did not mention them in his briefs on appeal.

*Inc.*, 662 F.3d 1134, 1141 (10th Cir. 2011) (quoting Fed. R. Civ. P. 56(a)). "A genuine dispute as to a material fact exists when the evidence, construed in the light most favorable to the non-moving party, is such that a reasonable jury could return a verdict for the non-moving party." *Id.* (internal quotation marks omitted). "Additionally, [t]he identification of the liberty interests that are protected by the Due Process Clause is a question of federal constitutional law that we review de novo." *Rezaq,* 2012 WL 1372151, at *7 (alteration in original) (internal quotation marks omitted).

For the claims on which summary judgment was granted based on qualified immunity, however, "the summary judgment standards are subject to a somewhat different analysis from other summary judgment rulings." *Toevs v. Reid*, ___ F.3d ___, No. 10-1535, 2012 WL 1085802, at *3 (10th Cir. Apr. 2, 2012) (internal quotation marks omitted). "The doctrine of qualified immunity shields government officials performing discretionary functions from liability for damages "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Id.* (internal quotation marks omitted). "Thus, to avoid judgment for the defendant based on qualified immunity, the plaintiff must show that the defendant's actions violated a specific statutory or constitutional right, and that the constitutional or statutory rights the defendant allegedly violated were clearly established at the time of the conduct at issue." *Id.* (internal quotation marks omitted). "We have

discretion to address the two qualified-immunity prongs in whatever order is appropriate under the circumstances." *Id.*

## IV. Discussion

### a. Mr. Bradshaw's Deliberate Indifference Claims

Mr. Bradshaw alleged that Dr. Nafziger was deliberately indifferent to his serious medical needs related to his heart condition. Mr. Bradshaw also alleged that Dr. Nafziger, P.A. Osagie, and Dr. Amirkhan were deliberately indifferent to his serious medical needs related to his chronic hepatitis.

"A prison official's deliberate indifference to an inmate's serious medical needs is a violation of the Eighth Amendment's prohibition against cruel and unusual punishment." *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (citing *Estelle*, 429 U.S. at 104). "The test for constitutional liability of prison officials involves both an objective and a subjective component." *Id.* (internal quotation marks omitted).

"The prisoner must first produce objective evidence that the deprivation at issue was in fact 'sufficiently serious.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). "Moreover, a delay in medical care only constitutes an Eighth Amendment violation where the plaintiff can show the delay resulted in substantial harm." *Id.* (internal quotation marks omitted). He may show

-10-

substantial harm by providing competent evidence that the delay "caused either unnecessary pain or a worsening of [the] condition." *Id.* at 755.

The prisoner must also "present evidence of the prison official's culpable state of mind." *Id.* at 751. "The subjective component is satisfied if the official 'knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and [he or she] must also draw the inference.'" *Id.* (quoting *Farmer*, 511 U.S. at 837). "A prison medical professional who serves solely . . . as a gatekeeper for other medical personnel capable of treating the condition may be held liable under the deliberate indifference standard if [he or she] delays or refuses to fulfill that gatekeeper role." *Id.* (first alteration in original) (internal quotation marks omitted).

In its March 10, 2011 order, the district court analyzed at length Mr. Bradshaw's claim that defendants were deliberately indifferent to his chronic hepatitis and heart condition, concluding that defendants were entitled to summary judgment on these claims. We have carefully considered Mr. Bradshaw's arguments on appeal, and we affirm the district court's decision on his deliberate indifference claims in all respects, with the following additional explanation.

First, we reject Mr. Bradshaw's contention on appeal that the district court held that he made his required showing on both prongs of the deliberate

-11-

indifference test on his heart condition claim. *See* Aplt. Opening Br. at 7. The district court stated that he failed to show that he suffered substantial harm as a result of Dr. Nafziger's failure to order a cardiac consult. As a result, he failed to satisfy the objective prong of the test. It is irrelevant that the district court referred to substantial harm as a "third element of a deliberate indifference claim," R., Vol. 1, at 1834-35, instead of considering it, as we have, as part of the objective prong, *see Mata*, 427 F.3d at 751; *Oxendine v. Kaplan*, 241 F.3d 1272, 1276-77 (10th Cir. 2001). The point is that the district court correctly held that Mr. Bradshaw was obligated to offer proof that he suffered substantial harm from the lack of a cardiac consult to withstand Dr. Nafziger's motion for summary judgment, and he failed to do so. He did not establish that he experienced unnecessary pain, that his heart condition worsened, or that he suffered a heart attack due to Dr. Nafziger's failure to order a cardiologist's evaluation. *See Mata*, 427 F.3d at 751-55.

We also reject Mr. Bradshaw's argument that the district court should have appointed an expert under Fed. R. Evid. 706(a) to interpret the BOP's Clinical Practice Guidelines for the Prevention and Treatment of Viral Hepatitis and Cirrhosis, presumably at government expense. *See* Aplt. Opening Br. at 31-32. It is held generally that there is no provision in the law for litigation expenses such as expert witness fees to be paid for an indigent litigant in a civil suit for damages. *See Malik v. Lavalley*, 994 F.2d 90, 90 (2d Cir. 1993) (per curiam)

-12-

(collecting cases); *see also* Fed. R. Evid. 706(c)(2) (providing that parties will pay proportional share of expert's fees in civil suit, as directed by the court). *But see U.S. Marshals Serv. v. Means*, 741 F.2d 1053, 1056-58 (8th Cir. 1984) (holding that 28 U.S.C. § 1915 "does not authorize government payment of witness fees and expenses for indigent litigants," but the court has discretion "to order one party of both to advance fees and expenses for experts that it appoints" under the Federal Rules of Evidence now appearing as Rules 614(a) and 706(c)).

b.  Mr. Bradshaw's IFRP Claims

In its September 7, 2010, order granting partial summary judgment to defendants, the district court analyzed Mr. Bradshaw's claims asserting that defendants Collins, Sudlow, Knox, Madison, Foster, and Finlan were liable to him for damages under *Bivens* based on his claims related to the IFRP.  In its March 10, 2011, order granting defendants' second motion for summary judgment, the court evaluated Mr. Bradshaw's motion for reconsideration of its decision on these claims.  The alleged violations arose both from Mr. Bradshaw's voluntary participation in the IFRP, which resulted in the deduction of $25 per quarter from his trust account to pay his restitution obligation, and, alternatively, from his placement in "refuse" status during the time periods when he declined to voluntarily participate in the IFRP, which allegedly resulted in the withdrawal of the privilege of participating in ADX's Step-Down Program.  We have carefully

-13-

considered Mr. Bradshaw's arguments on appeal, and we affirm the district court's grant of summary judgment to defendants on his IFRP claims in all respects, with the following additional explanation.

"The Due Process Clause of the Fifth Amendment provides that '[n]o person shall . . . be deprived of life, liberty, or property, without due process of law.'" *United States v. Robinson*, 583 F.3d 1265, 1270 (10th Cir. 2009) (alteration in original) (quoting U.S. Const. amend. V). Mr. Bradshaw argues that a liberty interest arose from the threat of his indefinite confinement at ADX because he has refused to participate in the IFRP. *See* Aplt. Opening Br. at 49-55. He asserts that the conditions at ADX are comparable to the conditions presented in *Wilkinson v. Austin*, 545 U.S. 209 (2005), where the Supreme Court held that inmates had a liberty interest in avoiding confinement at Ohio's supermax facility, *id.* at 224. Aplt. Opening Br. at 50, 52-55.

The district court concluded that Mr. Bradshaw failed to demonstrate that clearly established law created a constitutionally protected liberty interest under the Fifth Amendment, and, as a result, defendants were entitled to qualified immunity on his IFRP claims. When the court evaluated Mr. Bradshaw's motion for reconsideration, its conclusion was the same. Mr. Bradshaw's argument on appeal does not challenge the actual basis of the district court's decision. In addition, we recently examined the conditions of confinement at ADX in light of the Court's opinion in *Wilkinson*. *See Rezaq*, 2012 WL 1372151, at *7-*13. We

-14-

concluded that "[t]he conditions at ADX, like those at the Ohio supermax prison in *Wilkinson*, do not, in and of themselves, give rise to a liberty interest because they are substantially similar to conditions experienced in any solitary confinement setting." *Id.* at *12.

### c. Denial of Leave to File Supplemental Amended Complaint

Mr. Bradshaw filed a motion for leave to file a supplemental amended complaint. Defendants argued that leave should be denied because his claims were subject to dismissal, and amendment was therefore futile. The motion was first addressed by the magistrate judge, who recommended that Mr. Bradshaw be denied leave to amend because "[t]he proposed amended complaint reasserts the claims that have been dismissed [in the district court's September 7, 2010, order granting partial summary judgment to defendants]." R., Vol. 1, at 1725.

Mr. Bradshaw filed objections to the magistrate judge's recommendation, arguing that the district court had erred in its earlier order by dismissing Dr. Leyba as a party defendant and by dismissing his IFRP claims. The district court construed the magistrate judge's recommendation to be based on futility of amendment, reviewed the recommendation de novo, and adopted it with additional explanation supporting the denial as to certain claims.

Mr. Bradshaw argues that the district court erred. We disagree. Under the circumstances of this case, we review de novo the district court's decision

-15-

denying Mr. Bradshaw's motion for leave to file his proposed supplemental amended complaint. "Although we generally review for abuse of discretion a district court's denial of leave to amend a complaint, when this denial is based on a determination that amendment would be futile, our review for abuse of discretion includes de novo review of the legal basis for the finding of futility." *Cohen v. Longshore*, 621 F.3d 1311, 1314 (10th Cir. 2010) (internal quotation marks omitted). "We thus consider de novo whether it is patently obvious that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Id.* at 1314-15 (internal quotation marks omitted). We conclude that Mr. Bradshaw's proposed supplemental amended complaint could not have survived dismissal.

"A court properly may deny a motion for leave to amend as futile when the proposed amended complaint would be subject to dismissal for any reason, including that the amendment would not survive a motion for summary judgment." *Bauchman ex rel. Bauchman v. W. High Sch.*, 132 F.3d 542, 562 (10th Cir. 1997). As explained above, it would have been futile to allow amendment for Mr. Bradshaw to reassert his IFRP claims. And as explained below, Mr. Bradshaw did not preserve for appeal his argument that Dr. Allred was made a party defendant in his supplemental amended complaint, and the district court properly dismissed Dr. Leyba from the suit. Accordingly, the district court

did not err by denying Mr. Bradshaw leave to file his proposed supplemental amended complaint.

### d. Dr. Allred as Party Defendant

Dr. Allred succeeded Dr. Nafziger as the clinical director at the FCC in December 2008, after this suit was filed. Mr. Bradshaw did not name Dr. Allred as a defendant in his first three complaints. He asserted a cause of action against Dr. Allred for the first time in his proposed supplemental amended complaint, which he was not permitted to file. R., Vol. 1, at 1233-35. He did not name Dr. Allred in the caption of that complaint or in his list of parties, however. *Id.* at 1194-97. Nonetheless, he believes that he adequately named Dr. Allred as a party defendant in the amended complaint and proposed supplemental amended complaint because he added "any and all successor's" [sic] at the end of the caption of each of them. *See* Aplt. Opening Br. at 41; R., Vol. 1, at 793, 1194.

Mr. Bradshaw's argument is without merit for two reasons. First, there can be no successor liability for a deliberate indifference claim. "[V]icarious liability is inapplicable to *Bivens* . . . ." *Dodds v. Richardson*, 614 F.3d 1185, 1198 (10th Cir. 2010) (discussing supervisory liability for alleged constitutional violations) (internal quotation marks omitted), *cert. denied*, 131 S. Ct. 2150 (2011). Rather, the plaintiff is required to plead and prove that each defendant "by virtue of his own conduct and state of mind" violated the Constitution. *Id.*

Second, Mr. Bradshaw did not preserve for appeal the argument that he added Dr. Allred as a party by asserting a new cause of action against him in the proposed supplemental amended complaint.

"[W]e have adopted a firm waiver rule when a party fails to object to the findings and recommendations of the magistrate." *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act that led us to adopt a waiver rule in the first instance." *United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996). Although Mr. Bradshaw filed objections to the magistrate judge's recommendation to deny his motion for leave to file his proposed supplemental amended complaint, he did not alert the district court that he was asserting a new cause of action against a new defendant. As a result, the issue as to whether Dr. Allred was added as a party defendant by being named in a cause of action within the proposed supplemental amended complaint is waived on appeal. *See id.*

e. Dismissal of Dr. Leyba for Failure to Effect Timely Service

Finally, Mr. Bradshaw argues that the district court erred in dismissing Dr. Leyba as a party defendant on the basis that Mr. Bradshaw failed to effect timely service of process, even though nearly three years had passed since he

filed suit. We review for abuse of discretion the district court's decision to dismiss Dr. Leyba due to Mr. Bradshaw's failure to effect service. *See Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010), *cert. denied*, 131 S. Ct. 2884 (2011). Under the particular circumstances of this case, we affirm.

Mr. Bradshaw named Dr. Leyba as a defendant in his original complaint. He asserted that Dr. Leyba failed to fulfill his gatekeeper role with respect to Mr. Bradshaw's heart condition by improperly withdrawing a request for a cardiac consult in 2006 due to alleged security concerns. Mr. Bradshaw reasserted his claim against Dr. Leyba in his amended complaint. Because Mr. Bradshaw was proceeding in forma pauperis, the district court was required to order that service be made by a United States marshal. *See* Fed. R. Civ. P. 4(c)(3).

Because the district court dismissed the amended complaint sua sponte as frivolous, however, Dr. Leyba was never served. We reversed that dismissal after Dr. Leyba had left his employment at the FCC. The marshal attempted to serve Dr. Leyba with the amended complaint after our remand, but was unsuccessful. Mr. Bradshaw sought the district court's assistance in compelling defendants to locate Dr. Leyba's new address, but the district court declined to do more than direct defendants to provide Dr. Leyba's last known address. The marshal attempted service at that last known address, but the house was vacant.

-19-

We need not decide whether the district court's actions were proper because it is clear that Mr. Bradshaw's claim against Dr. Leyba would have failed on the merits. The court correctly concluded that Mr. Bradshaw failed to produce evidence showing that he suffered substantial harm as a result of the denial of a cardiac consultation in his claim against Dr. Nafziger. Mr. Bradshaw thus failed to satisfy the objective prong of his required showing for deliberate indifference related to his heart condition. *See Mata*, 427 F.3d at 751; *Oxendine*, 241 F.3d at 1276-77. We "may rule that a party loses on the merits without first establishing jurisdiction [when] the merits have already been decided in the [district] court's resolution of a claim over which it did have jurisdiction. In that circumstance, resolution of the merits is 'foreordained . . . .'" *Starkey ex rel. A.B. v. Boulder Cnty. Soc. Servs.*, 569 F.3d 1244, 1260 (10th Cir. 2009) (quoting *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 98 (1998)).

Because Mr. Bradshaw's deliberate indifference claim against Dr. Leyba would necessarily fail based on the district court's analysis of his claim against Dr. Nafziger, we affirm the district court's dismissal of Dr. Leyba, as well as the court's denial of Mr. Bradshaw's motion for leave to file his proposed supplemental amended complaint.

All outstanding motions are denied.  The judgment of the district court is

AFFIRMED.

Entered for the Court


Wade Brorby
Senior Circuit Judge