FILED
United States Court of Appeals
Tenth Circuit

June 21, 2012

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

MARVIN LEE TAYLOR,

     Plaintiff - Appellant,

v.

ARISTEDES W. ZAVARAS; SUSAN
S. JONES; MARSHALL CARIFFITH;
TINA VALDEZ; M.N. MCCORMICK;
SOLANO (MS),

     Defendants - Appellees.

No. 12-1091
(D.C. No. 11-CV-02902-LTB)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.[**]

Marvin Lee Taylor, a Colorado state inmate proceeding pro se, appeals

from the judgment dismissing his prisoner complaint without prejudice for failure

to respond to a magistrate judge's order directing him to amend his complaint to

comply with the requirements of Fed. R. Civ. P. 8. Mr. Taylor's statement of fact

---

[*] This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge
panel has determined unanimously that oral argument would not be of material
assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th
Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

rambled over 37 handwritten pages, touching on events of unclear relevance, but the thrust seems to be an objection to a prison policy that restricts the reading materials of sex offenders. Certain magazines he subscribed to had pages removed by censors because they depicted "scantily clad or provocatively posed persons," which is "contrary" to his "individualized rehabilitation goals." These included issues of *Rolling Stone*, R. 94, 99; *Budget Travel*, R. 96; and *Motor Trend*, R. 100. The boxes checked on the censorship forms suggest that all were eventually delivered except for two editions of *Rolling Stone*, R. 69, 98.

In any event, Rule 8 requires that pleadings contain "a short and plain statement of the claim showing that the pleader is entitled to relief." This is to allow courts to understand the nature of the complaint and basis of jurisdiction and permit those sued to prepare an answer. We have observed that "rambling narrations of fact coupled with conclusory legal assertions do not assist the court or the defendants." Tuttamore v. Lappin, 429 F. App'x 687, 689 (10th Cir. 2011). The magistrate was certainly entitled to find Mr. Taylor's pleading neither plain nor short. Yet Mr. Taylor did not respond to the order to redraft the complaint and, accordingly, the district court dismissed the matter. Mr. Taylor does not deny that he received the magistrate's order, nor does he explain why he failed to respond. All litigants, even those who appear pro se, are required to comply with the same procedures, including responding to the orders of a magistrate judge. See Garrett v. Selby Connor Maddux & Janer, 425 F.3d 836, 840 (10th Cir. 2005).

That leaves us little choice but to DENY his motion for in forma pauperis status and AFFIRM the dismissal without prejudice. Mr. Taylor may file in district court again, if he does so in compliance with the rules of procedure. Mr. Taylor is reminded of his obligation to make full payment of the appellate filing fee.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge