

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# DIRECTV Inc v. Leto

Precedential or Non-Precedential: Precedential

Docket No. 05-3908

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"DIRECTV Inc v. Leto" (2006). *2006 Decisions.* Paper 148.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/148

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 05-3908

DIRECTV, INC., a
California Corporation,

Appellant

v.

BENNIE LETO

Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil Action No. 04-cv-00020)
District Judge: Honorable Gary L. Lancaster

Argued October 4, 2006

Before: McKEE, AMBRO, and NYGAARD, Circuit Judges

(Opinion filed November 6, 2006)

Howard R. Rubin, Esquire
William E. Copley, III (Argued)
Sonnenschein, Nath & Rosenthal
1301 K Street, N.W.
Suite 600, East Tower
Washington, DC   20005

      Counsel for Appellant

John W. Gibson, Esquire (Argued)
1035 Fifth Avenue
Pittsburgh, PA   15219-6201

      Counsel for Appellee

---

OPINION  OF  THE  COURT

---

AMBRO, <u>Circuit Judge</u>

DirecTV, a satellite cable company, caught persons pirating (that is, intercepting without payment) its television transmissions.  Its policy is to sue, and it did so here.  Eight defendants, including Bennie Leto, were joined in one suit brought in the United States District Court for the Western District of Pennsylvania.  The claims against the defendants were timely brought.

The District Court, responding to a motion by the defendants under Federal Rule of Civil Procedure 21, entered in December 2003 what appeared to be an order severing DirecTV's claims against each defendant. The order reads:

> It is hereby ORDERED that the case shall proceed under the caption of *DIRECTV v. Garry Bloch*, No. 03-0752, as to defendant Garry Bloch. As to each of the other defendants, the case shall proceed as a separate action under a separate civil action number upon payment by plaintiff of the requisite filing fee as to each defendant.
>
> It is FURTHER ORDERED that all separate actions arising from this order shall be deemed RELATED and shall be assigned to the docket of the undersigned in anticipation of consolidation for the purposes of pretrial discovery.

Within days of the order, DirecTV paid a separate filing fee and filed a separate complaint against Leto. He responded by moving to dismiss on the ground that the later-filed

complaint was outside the statute of limitations. This made sense only if the 2003 order dismissed DirecTV's complaint rather than severed one suit into eight separate suits. Counterintuitively, the District Court agreed with Leto that it had dismissed the initial DirecTV suit, and dismissed it with prejudice.

Feeling blindsided, DirecTV appeals. While we normally give great deference to a court's interpretation of its own orders, we cannot do so here, as the order is too clear to permit any interpretation but a severance. Even were that not the case, while district judges have discretion to remedy misjoinders either by severing claims or dismissing them without prejudice, that discretion, while accorded a wide fairway, ventures into unplayable rough when it prejudices substantial rights. Here DirecTV, initially having filed a timely complaint that misjoined defendants, is substantially prejudiced if that suit is deemed dismissed and not severed. We thus reverse and remand.[1]

[1] The District Court had subject matter jurisdiction under 28 U.S.C. § 1331 because DirecTV's causes of action arise under federal law. We have jurisdiction under 28 U.S.C. § 1291 because this is an appeal from a final order.

We exercise plenary review of a District Court's grant of a Rule 12(b)(6) motion (the means by which Leto moved to dismiss here). *In re Merck & Co. Sec. Litig.*, 432 F.3d 261, 266 (3d Cir. 2005). In so doing, "we apply the same test as the district court," accepting as true "all facts alleged in the complaint and view[ing] them in the light most favorable to

4

Federal Rule of Civil Procedure 20(a) permits "joinder"—the joining together of more than one party—if the plaintiff's claim "aris[es] out of the same transaction . . . and if any question of law or fact common to all defendants will arise in the action." Misjoinder, on the other hand, occurs when there is no common question of law or fact or when, as here, the events that give rise to the plaintiff's claims against defendants do not stem from the same transaction.

Misjoinder is governed by Rule 21, which reads:

> Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceeded with

---

[DirecTV]." *Id*. (internal quotation marks omitted). We review the District Court's decision to drop parties under Rule 21 for an abuse of discretion. *See, e.g.*, *Letherer v. Alger Group, L.L.C.*, 328 F.3d 262, 266 (6th Cir. 2003); *Coughlin v. Rogers*, 130 F.3d 1348, 1351 (9th Cir. 1997). Under this standard, we must affirm the District Court's ruling unless we are "left with a definite and firm conviction that the trial court committed a clear error of judgment." *Letherer*, 328 F.3d at 266 (internal quotation marks omitted).

separately.

To remedy misjoinder, then, a court may not simply dismiss a suit altogether. Instead, the court has two remedial options: (1) misjoined parties may be dropped "on such terms as are just"; or (2) any claims against misjoined parties "may be severed and proceeded with separately." Fed. R. Civ. P. 21.

The effect of each option is quite different. When a court "drops" a defendant under Rule 21, that defendant is dismissed from the case without prejudice. *Publicker Indus., Inc. v. Roman Ceramics Corp.*, 603 F.2d 1065, 1068 (3d Cir. 1979); *see also Elmore v. Henderson*, 227 F.3d 1009, 1011–12 (7th Cir. 2000) (Posner, J.). When that occurs, the "statute of limitations is not tolled" because we treat the initial complaint "as if it never existed." *Brennan v. Kulick*, 407 F.3d 603, 606 (3d Cir. 2005) (internal quotation marks omitted).[2] But when a court "severs" a claim against a defendant under Rule 21, the suit simply continues against the severed defendant in another guise. *White v. ABCO Eng'g Corp.*, 199 F.3d 140, 145 n.6 (3d Cir. 1999); *Elmore*, 227 F.3d at 1012. The statute of limitations is held in abeyance, and the severed suit can proceed so long as it initially was filed within the limitations period. *Id.*

---

[2] *See also Elmore*, 227 F.3d at 1011–12 (noting that, although "[w]e cannot find a case on the point," this "seems to us clear as a matter of first principles").

Because a district court's decision to remedy misjoinder by dropping and dismissing a party, rather than severing the relevant claim, may have important and potentially adverse statute-of-limitations consequences, the discretion delegated to the trial judge to dismiss under Rule 21 is restricted to what is "just." In this context, we turn to the DirecTV/Leto case.

While we normally "give particular deference to [a] district court's interpretation of its own order,"[3] we cannot do so where the plain language of the order is completely contrary to the Court's interpretation. The District Court's initial 2003 order on its face was a severance, rather than a dismissal, of DirecTV's claim against Leto. That order specifically stated that the case against Leto "*shall proceed* as a separate action . . . upon payment by plaintiff of the requisite filing fee" (emphasis added). Taking this clear cue, within ten days DirecTV paid the filing fee and filed a separate complaint against Leto. Yet in a surprising response to Leto's subsequent motion to dismiss, the District Court interpreted its prior order as a drop and dismissal rather than a severance. It read "shall proceed" out of its 2003 order. To do so trades concise clarity for confusion.

---

[3] *In re Fine Paper Antitrust Litig.*, 695 F.2d 494, 498 (3d Cir. 1982). *Accord WRS, Inc. v. Plaza Entm't, Inc.*, 402 F.3d 424, 428 (3d Cir. 2005); *Pittsburgh Terminal Corp. v. Balt. & Ohio R.R. Co.*, 824 F.2d 249, 254 (3d Cir. 1987) (quoting *In re Fine Paper*).

In its 2003 order, the District Court made no reference to dropping—or even dismissing—any defendants. To repeat, it said that each case (other than against the first defendant) "shall proceed as a separate action under a separate civil action number." This language follows the language in Rule 21: "Any claim against a party may be severed and proceeded with separately." In addition, this language also reflects our Court's description of severance: "[I]f claims are severed pursuant to Rule 21 they become independent actions with separate judgments entered in each." *White*, 199 F.3d at 145 n.6 (internal quotation marks omitted).

Moreover, if the District Court had intended to drop the misjoined defendants, it should not have said that their "case[s] shall proceed." Dismissed cases do not proceed at all. In addition, the Court itself expected all, now separate, suits to continue, as it further ordered that "all separate actions arising from this order shall be deemed RELATED and shall be assigned to [the Judge's docket] in anticipation of consolidation for the purposes of pretrial discovery."

For these reasons, the District Court's 2003 order was no doubt a severance. In light of the precise wording of the order, it cannot subsequently be deemed a dismissal.

Even if the language of the District Court's 2003 order had not clearly severed DirecTV's claim against Leto, it nonetheless would have been improper for the Court to choose

8

dismissal instead, as this misjoinder remedy would have imposed adverse statute-of-limitations consequences on DirecTV. Although a district court has discretion to choose either severance or dismissal in remedying misjoinder, it is permitted under Rule 21 to opt for the latter only if "just"—that is, *if doing so "will not prejudice any substantial right." See Sabolsky v. Budzanoski*, 457 F.2d 1245, 1249 (3d Cir. 1972) (emphasis added). Hence, a court must analyze the consequences of a dismissal on a claimant's ability to meet the statute of limitations prior to choosing dismissal over severance.

This principle was recognized by the Court of Appeals for the Seventh Circuit in *Elmore v. Henderson*. That case, like the one at hand, involved a district court judge's decision to drop and dismiss—rather than sever—a claim under Rule 21 to remedy misjoinder. The judge subsequently dismissed the plaintiff's separately filed complaint as untimely because it was filed outside of the statute-of-limitations period. The Seventh Circuit held that the district court's decision was almost certainly erroneous because, "in formulating a remedy for a misjoinder[,] the judge is required to avoid gratuitous harm to the parties," and is therefore "duty-bound" to prevent a dismissal that would have adverse "statute[-]of[-]limitations consequences." *Elmore*, 227 F.3d at 1012. The district court instead should have severed the claim and allowed it "to continue as a separate suit so that it would not be time-barred" rather than dropping and dismissing the claim. *Id*.

9

We follow suit and hold that the discretion to drop and dismiss claims against misjoined defendants under Rule 21 is abated when it "prejudic[es] any substantial right" of plaintiffs,[4] *see Sabolsky*, 457 F.2d at 1249, which includes loss of otherwise timely claims if new suits are blocked by statutes of limitations.

---

[4] Several district courts, both in and outside the Seventh Circuit, have followed this principle. *See, e.g.*, *DIRECTV, Inc. v. Adrian*, No. 03-C-6366, 2004 WL 1146122, at *4 (N.D. Ill. May 18, 2004) ("We are duty-bound to sever claims rather than dismiss defendants if a dismissal would bring statute of limitations consequences."); *Direct TV, Inc. v. Delaney*, No. 03-C-3444, 2003 WL 24232530, at *5 (N.D. Ill Nov. 20, 2003) (same); *Berry v. Ill. Dep't of Human Servs.*, No. 00-C-5538, 2001 WL 111035, at *18 (N.D. Ill. Feb. 2, 2001) (avoiding "a dismissal prejudicing a substantial right" by severing claims and tolling the statute of limitations for complaints refiled "within a reasonable period of time"); *Franconia Assocs. v. United States*, 61 Fed. Cl. 335, 337 (Fed. Cl. 2004) ("[I]t is important to determine whether there is a statute of limitations problem—if the filing of new suits is barred by the statute, severance is really the only appropriate option, as the original filing date carries over to the new cases."). *Contra DIRECTV Inc. v. Hudson*, No. 2:03-cv-457, at 3–4, 6–8 (S.D. Ohio July 1, 2004) (order) (remedying a misjoinder issue by dismissing, rather than severing, misjoined defendants and stating that DirecTV presumably, "as a part of its litigation strategy, chose to take that risk rather than file separate actions and incur substantial litigation costs in the process").

With this backdrop of cabined discretion, the outcome here writes itself. Even had the District Court been correct in interpreting its 2003 order as a dismissal and not a severance, this still would have affected adversely DirecTV's right to recover from Leto: the new suit, lacking a link back to the timely initial action, would be out of time. Because a dismissal improperly would have imposed adverse statute-of-limitations consequences on DirecTV, we hold that the District Court would have abused its discretion in choosing dismissal as a misjoinder remedy.

*  *  *  *  *

The plain language of the District Court's 2003 order requires the conclusion that it severed, rather than dismissed, DirecTV's suit against Leto. That order was so direct and clear-crafted that no contrary conclusion was later conceivable. Once a District Court speaks with such clarity, any deference to its discretion falls away. In addition, even if the language of the District Court's 2003 order did not clearly constitute a severance but instead a dismissal, Rule 21 requires that, in remedying misjoinder, the Court must analyze the consequences of choosing dismissal over severance, and is obliged to avoid prejudicing any substantial right in exercising its discretion. Under this principle, dropping and dismissing DirecTV's claim against Leto, rather than severing the claim and allowing it to continue as a separate suit so that it would not be time-barred,

would have been an abuse of discretion.[5]

We therefore reverse the District Court's grant of dismissal in favor of Leto and remand this case to the Court for further proceedings consistent with this opinion.

---

[5] Because of our holdings, we need not reach DirecTV's plea for equitable tolling. However, it is worth noting that equitable tolling would not fit here, as DirecTV does not allege that it was prevented from filing a complaint within the limitations period. Instead, it contends that its initial suit, which *was* filed within the limitations period, was improperly dismissed. As noted by the Seventh Circuit in *Elmore*, "equitable tolling is not a remedy for an erroneous judgment" by the District Court; instead, appeal of the erroneous judgment is the proper course. *Elmore*, 227 F.3d at 1013.