**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 18-2343
_____

VINCENT MCCRUDDEN,
                              Appellant

v.

UNITED STATES OF AMERICA;
LIEUTENANT ANDERSON;
FOUR JOHN DOES
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civil Action No. 1-14-cv-03532)
District Judge: Honorable Robert B. Kugler
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 2, 2019

Before: GREENAWAY, JR., RESTREPO and FUENTES, Circuit Judges

(Opinion filed February 19, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Vincent McCrudden appeals the District Court's grant of summary judgment for defendants in an action he brought pursuant to Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 2671-80. For the reasons that follow, we will affirm the District Court's judgment.

I.

Because we write primarily for the benefit of the parties, we will recite only the facts necessary for our discussion; these facts are undisputed unless otherwise noted. During the time relevant to this suit, McCrudden was incarcerated at the Federal Correctional Institution at Fort Dix. On August 31, 2012, McCrudden exchanged his identification card for a basketball in his housing unit to use in the recreation area. Officer James-Devon Darville signed out the basketball to McCrudden.

Later that day, officers instructed inmates to return to their housing units for count; McCrudden carried the basketball out from the recreation area. Officer David Harrell approached McCrudden and told him to return the basketball to the recreation area by throwing it over the fence. McCrudden refused, stating that he would not get his identification card back if he did so. After a brief exchange, Harrell ordered McCrudden to accompany him to Lieutenant Joseph Anderson's office. Harrell never touched McCrudden. At Anderson's office, Harrell told Anderson that McCrudden had disobeyed an order and spoken to him disrespectfully. McCrudden laughed, interrupted Harrell, and said that he was lying.

At this point, the parties' accounts diverge; McCrudden's account follows. After McCrudden accused Harrell of lying, Anderson became angry and ordered officers to handcuff McCrudden and get him out of his office. McCrudden turned and was pulled from the room by several unidentified officers. He felt many hands pulling on him and tugging on his clothing from behind. He was thrown or pushed against a cinderblock wall in an outside hallway and handcuffed while he was facing the wall. He stayed upright while he was being handcuffed, and felt constant pressure from several officers. McCrudden does not indicate that Anderson saw him being initially pushed into the wall. Anderson was yelling from his office about McCrudden disrespecting him while he was being handcuffed. At some point, when McCrudden was turned to face away from the wall, Anderson came into the hall, yelled at him, and told officers to turn him back to face the wall. McCrudden remained handcuffed for between fifteen and forty-five minutes.

According to Anderson, McCrudden was acting belligerently when he entered his office. McCrudden interrupted Harrell and Anderson as they attempted to discuss the situation, and moved around. Anderson handcuffed McCrudden himself and kept him in handcuffs for several minutes until he calmed down. Harrell submitted an affidavit indicating that Anderson handcuffed McCrudden, and he testified that he saw McCrudden standing facing a wall after he was handcuffed. Another officer testified in a deposition that someone turned McCrudden around and briefly handcuffed him while he was in Anderson's office.

3

After McCrudden's handcuffs were removed, he walked to his unit and got his identification card back from Darville. Darville testified in a deposition that when McCrudden came to get his identification card, McCrudden stated that he had been verbally disrespected by an officer.

McCrudden contends that as a result of this incident, he had an abrasion on his cheek and a cut on the inside of his lip, as well as a sore shoulder, nose, and knee. McCrudden claims that he sought medical treatment the next day, but that the medical unit was closed over the weekend. He has not sought any additional medical treatment for his injuries, but maintains that he experiences lingering pain.

McCrudden filed a complaint in the District Court in April 2014, which he later amended after the District Court dismissed his initial complaint. McCrudden brought Bivens claims against Anderson and four John Doe defendants and a claim for assault and battery pursuant to the FTCA against the United States. The United States and Anderson filed an answer, completed discovery with McCrudden, and moved for summary judgment, which the District Court granted. The District Court also dismissed the four still-unnamed John Doe defendants pursuant to Federal Rule of Civil Procedure 21. McCrudden timely appealed.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review a district court's decision to drop parties pursuant to Rule 21 for abuse of discretion. DirecTV, Inc. v. Leto, 467 F.3d 842, 844 n.1 (3d Cir. 2006). We exercise plenary review

over a district court's grant of summary judgment.  Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the non-moving party.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In evaluating a motion for summary judgment, "all justifiable inferences are to be drawn in . . . favor" of the non-moving party.  Id. at 255.  However, a mere "scintilla of evidence" in support of the non-moving party does not create a genuine issue of material fact.  Id. at 252.  Further, "the non-movant may not rest on speculation and conjecture in opposing a motion for summary judgment."  Ramara, Inc. v. Westfield Ins. Co., 814 F.3d 660, 666 (3d Cir. 2016).

III.

First, the District Court did not abuse its discretion in dismissing the four John Doe defendants after discovery was complete.  "On motion or on its own, [a] court may at any time, on just terms, add or drop a party."  Fed. R. Civ. P. 21.  "The case law is clear that [f]ictitious parties must eventually be dismissed, if discovery yields no identities."  Hindes v. FDIC, 137 F.3d 148, 155 (3d Cir. 1998) (internal quotation marks omitted).  The only argument that McCrudden appears to make challenging the District Court's dismissal of the John Doe defendants is his unsupported belief that correctional officials purposely destroyed video or audio surveillance of his alleged assault.  The

5

undisputed record indicates that there was no surveillance equipment in the area where McCrudden was allegedly assaulted. The parties spent months completing discovery, and McCrudden participated in depositions of numerous correctional officers at Fort Dix who he identified as potential witnesses to his alleged assault. Under these circumstances, we affirm the District Court's dismissal of the four John Doe defendants. See Leto, 467 F.3d at 844 n.1 ("Under [the abuse of discretion] standard, we must affirm the District Court's ruling unless we are left with a definite and firm conviction that the trial court committed a clear error of judgment.") (internal quotation marks omitted).

Next, the District Court correctly concluded that McCrudden's Eighth Amendment excessive force claim against Anderson cannot survive summary judgment. "A defendant in a civil rights action must have personal involvement in the alleged wrongs; liability cannot be predicated solely on the operation of respondeat superior." Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). "Personal involvement can be shown through . . . personal direction or . . . actual knowledge and acquiescence." Id. Under McCrudden's version of events, Anderson never touched him, and did not direct any correctional officers to hurt him; Anderson ordered McCrudden to be removed from his office and handcuffed and then later ordered that McCrudden be turned to face the wall. There is also no record evidence that Anderson acquiesced to other officers hurting McCrudden, as McCrudden indicated that Anderson was yelling while other officers handcuffed him in the hall, but not that Anderson saw or approved of the way the other officers acted.

6

Under Anderson's version of events — in which he handcuffed McCrudden for several minutes after he was acting belligerently, interrupting Anderson and Harrell, and moving around — McCrudden also cannot sustain an excessive force claim. The Eighth Amendment prohibits the "unnecessary and wanton infliction of pain" that violates "contemporary standards of decency." Hudson v. McMillian, 503 U.S. 1, 8 (1992). On these facts, Anderson's decision to briefly handcuff McCrudden was employed "in a good-faith effort to maintain or restore discipline" rather than "maliciously and sadistically to cause harm." See id. at 6-7. McCrudden does not argue that he was subjected to excessive force under Anderson's version of events. Accordingly, the District Court properly granted Anderson summary judgment on McCrudden's excessive force claim.

McCrudden's final claim is his FTCA claim against the United States for assault and battery, based on Anderson's actions. Pursuant to 28 U.S.C. § 1346(b)(1), the FTCA "allows plaintiffs to bring claims based on the action[s] of Government employees when private persons engaging in analogous behavior would be liable under state law." See CNA v. United States, 535 F.3d 132, 138 (3d Cir. 2008). The FTCA's waiver of immunity generally "does not apply to claims of assault [and] battery," but "that rule is not applicable to investigative or law enforcement officers."[1] Couden v. Duffy, 446 F.3d 483, 499 (3d Cir. 2006). New Jersey tort law applies here. See 28 U.S.C. § 1346(b)(1)

_____

[1] It appears undisputed that Anderson qualifies as a law enforcement officer under the circumstances of this case.

(providing that the applicable law is "the law of the place where the act or omission occurred").

Under New Jersey law, a plaintiff pursuing an assault and battery claim against a law enforcement officer must show that the officer used unreasonable force against him. See State v. Williams, 148 A.2d 22, 29 (N.J. 1959); Noback v. Town of Montclair, 110 A.2d 339, 342-43 (N.J. Super. Ct. Law. Div. 1954). As explained above, under either set of facts presented by McCrudden or Anderson, McCrudden has not shown that Anderson used unreasonable force against him. Accordingly, we will affirm the District Court's judgment.