**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3517
_____

PHILLIP THOMPSON,
                                        Appellant

v.

TAMMY FERGUSON; MANDY SIPPLE; C.E.R.T. TEAM, John Does;
JOHN E. WETZEL; SMART COMMUNICATIONS; C.E.R.T., John Does

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-19-cv-03455)
District Judge:  Honorable Berle M. Schiller

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 23, 2021

Before:  JORDAN, MATEY and NYAGGRD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 1, 2021)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Appellant Phillip Thompson, proceeding pro se and in forma pauperis, appeals from the District Court's order dismissing his civil rights complaint. We will affirm the judgment of the District Court.

Thompson is a prisoner currently incarcerated at State Correctional Institution Phoenix ("SCI Phoenix"). He filed a 42 U.S.C. § 1983 complaint, which he amended after the District Court screened it pursuant to 28 U.S.C. § 1915(e)(2)(B). Thompson's amended complaint raised numerous constitutional challenges against several prison officials and unnamed members of the Corrections Emergency Response Team ("CERT") based on the alleged destruction of his legal and personal property during his move from State Correctional Institution Graterford ("SCI Graterford") to SCI Phoenix. The amended complaint added claims concerning mail-tampering against the same prison officials, as well as Smart Communications, a contractor partnered with the Pennsylvania Department of Corrections ("DOC") to implement changes to the prison mail system.

Upon screening Thompson's amended complaint, the District Court dismissed his claims related to the destruction of his property, concluding that he had failed to state a claim under any constitutional theory. Exercising its discretion under Federal Rule of Civil Procedure 21, the District Court severed Thompson's mail-tampering claims and directed the opening of a new lawsuit to address them. Thompson appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal of Thompson's destruction-of-property claims. See

2

Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000). We review the District Court's decision to sever Thompson's mail-related claims for an abuse of discretion. See Taylor v. Brown, 787 F.3d 851, 859 (7th Cir. 2015). As Thompson appears pro se, we construe his filings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

We agree with the District Court that Thompson failed to state a claim related to the destruction of his property. Thompson alleged that, upon arriving at SCI Phoenix, he discovered that some of his legal and personal property was missing from the bin where he had placed it prior to the transfer. The missing legal property included trial transcripts, affidavits, and photographs that were relevant to proving his innocence. The missing personal property included personal electronics and photographs of his friends and family members, some of which depicted traditional Islamic attire and prayer rugs.

Thompson failed to state a claim that the deprivation of his legal property resulted in the denial of his right to access the courts. He was required to show that the denial of access caused "actual injury," Lewis v. Casey, 518 U.S. 343, 352–53 (1996), which occurs when a prisoner demonstrates that he lost an arguable claim because of the denial of access to the courts, Christopher v. Harbury, 536 U.S. 403, 415 (2002). At the time of his transfer to SCI Phoenix, Thompson was pursuing an appeal of the dismissal of his third petition under the Pennsylvania Post Conviction Relief Act. Although he received two extensions from the Pennsylvania Superior Court, Thompson claimed that he was "forced to file an incomplete brief" in the absence of his legal materials. See Am. Complaint, ECF No. 7 at 17. He asserted that the defendants' actions resulted in a "lost chance at relief from an

3

unjust life sentence." Id. However, he failed to explain how the missing documents were material to the success of his appeal, especially in light of the fact that the Superior Court affirmed the dismissal of his petition as untimely. See Commonwealth v. Thompson, No. 1937 EDA 2018, 2019 WL 1596195, at *3 (Pa. Super. Ct. Apr. 15, 2019). Thus, this claim was properly dismissed.

Thompson's due process claim also fails. Although the Fifth Amendment prohibits state actors from depriving an individual of a protected interest in property without due process of law, Parratt v. Taylor, 451 U.S. 527, 537 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986), the United States Supreme Court has held that post-deprivation remedies provide sufficient due process for negligent deprivations of property, id. at 530, and intentional deprivations of property, Hudson v. Palmer, 468 U.S. 517, 533 (1984). Because the DOC grievance procedure provides an adequate post-deprivation remedy, see, e.g., Tillman v. Lebanon Cnty. Corr. Facility, 221 F.3d 410, 422 (3d Cir. 2000), Thompson failed to state a due process claim.[1]

To the extent that Thompson complains that the defendants' actions interfered with his First Amendment rights under the Free Exercise Clause, his claim fails because he neither alleged in his amended complaint nor argues on appeal that the destruction of his photographs placed a substantial burden on the exercise of his religion. See Anspach ex

---

[1] Affidavits attached to Thompson's amended complaint can be liberally construed to allege that the prison's grievance procedure was inadequate to address his claims. See, e.g., ECF No. 7 at 26. However, even if that were true, state tort law could serve as an adequate post-deprivation remedy. See 42 Pa. Cons. Stat. Ann. § 8522(a), (b)(3).

4

rel. Anspach v. City of Phila. Dep't of Pub. Health, 503 F.3d 256, 272 (3d Cir. 2007). He likewise failed to state a conspiracy claim against any of the defendants. See Great W. Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 159, 178–79 (3d Cir. 2010) (holding that a § 1983 conspiracy claimant must assert facts from which a conspiratorial agreement can be inferred, not conclusory allegations). Nor did he allege any facts that could support an Eighth Amendment claim or a freestanding Fourteenth Amendment claim.

Finally, the District Court's decision to sever Thompson's mail-related claims was not an abuse of discretion. Misjoinder of claims occurs when, among other things, the events that give rise to the plaintiff's claims do not stem from the same transaction. DirecTV, Inc. v. Leto, 467 F.3d 842, 844 (3d Cir. 2006). To remedy misjoinder, Federal Rule of Civil Procedure 21 allows District Courts to sever the claims and proceed with them separately. Here, the District Court explained that it severed Thompson's mail-tampering claims because the "factual allegations concerning the handling of his mail present[ed] a distinct set of events from those related to the destruction of his property." Mem. Op., ECF No. 8 at 10. The two sets of claims also implicated different defendants: the CERT defendants were not involved in the mail-tampering claims, and Smart Communications was not involved in the destruction-of-property claims. Thus, the District Court did not abuse the broad discretion afforded it under Rule 21.[2]

---

[2] Thompson's mail-tampering claims proceeded in a separate case, see Thompson v. Ferguson, No. 2-19-cv-04580 (E.D. Pa. filed Oct. 2, 2019), which the District Court

Accordingly, we will affirm the judgment of the District Court.

---

dismissed after determining that the defendants were immune from suit.