**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3105
_____

BERNARD CARTER JERRY-EL,
                                        Appellant

v.

JOHN E. WETZEL, Secretary of Corrections; JAMEY LUTHER, Superintendent of
Laurel Highlands; LEO GLASS, Deputy Superintendent; CAPTAIN NOSE;
LIEUTENANT BEERS; MICHAEL BOROSKY, CFSM II; C.O. INTAHAR; NURSE
SCHROCK; JAMIE WINESICKLE, Dialysis Supervisor; J. SHAFFER, C.O.;
DIBRIDGE, Unit Manager; MAINTENANCE SUPERVISOR; SAFETY MANAGER;
LIEUTENANT BEARJAR
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. No. 3-16-cv-00253)
District Judge: Honorable Kim R. Gibson
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on August 6, 2021

Before: GREENAWAY, JR., KRAUSE, and BIBAS, <u>Circuit Judges</u>

(Opinion filed: January 7, 2022)
_____

———————

OPINION[*]

———————

PER CURIAM

Bernard Jerry-El, a Pennsylvania state prisoner proceeding pro se, appeals an order of the United States District Court for the Western District of Pennsylvania dismissing his civil rights action. We will affirm the judgment of the District Court.

In 2016, Jerry-El filed a complaint against prison officials, prison employees, and several doctors raising claims related to the conditions of his confinement. Jerry-El amended his complaint twice and the District Court granted the defendants' motions to dismiss the second amended complaint for failure to state a claim for relief. It granted Jerry-El leave to amend his Eighth Amendment claims against the prison officials and employees. *See* 4/6/18 Memorandum Order.

Jerry-El filed a lengthy third amended complaint, the bulk of which purported to set forth more than 160 causes of action. Relevant here, the Magistrate Judge denied the defendants' motion to strike the complaint and ordered Jerry-El to re-draft it. The Magistrate Judge directed him to address each defendant individually without conclusory assertions about conspiracy, set forth a short plain statement as to the named defendants, and explain what action each defendant took and how it injured him. *See* 7/19/18 Order at 5-6.

———————————————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jerry-El filed a fourth amended complaint followed by a "Supplemental Complaint," which was similar to the fourth amended complaint and added a claim against a new defendant. The District Court treated the Supplemental Complaint as superseding the fourth amended complaint and adopted the Magistrate Judge's report and recommendation to dismiss it pursuant to 28 U.S.C. § 1915A(b)(1).[1] The District Court ruled that Jerry-El failed to state an Eighth Amendment claim against the previously-named defendants and that his new claim was improperly joined. It dismissed the new claim without prejudice to his ability to raise it in another action. *See* 8/28/19 Order; 8/8/19 Report and Recommendation. This appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the dismissal of a complaint for failure to state a claim de novo. *Dooley v. Wetzel*, 957 F.3d 366, 374 (3d Cir. 2020).[2] We review the dismissal of a party for misjoinder for abuse of discretion. *DirecTV, Inc. v. Leto*, 467 F.3d 842, 844 n.1 (3d Cir. 2006).

Jerry-El raises twelve arguments for our review. We first consider his contentions regarding the dismissal of his Supplemental Complaint. This complaint may be deemed an amended complaint, as it revises and adds to allegations in Jerry-El's fourth amended complaint about events raised previously, and a supplemental complaint, as it adds events

---

[1] The District Court astutely declined to adopt the first two sentences of the paragraph at the bottom of page 11 of the Report and Recommendation.

[2] We generally apply plain error review when a litigant does not object to a Magistrate Judge's report and the litigant had notice that a failure to object would waive appellate rights. *See Brightwell v. Lehman*, 637 F.3d 187, 193 & n.7 (3d Cir. 2011). While Jerry-El filed objections addressing some, but not all, of his claims on appeal, we will apply de novo review as the Magistrate Judge did not give him the required notice in his August 8, 2019, or March 19, 2018, reports.

occurring after the original complaint was filed. *See Garrett v. Wexford Health*, 938 F.3d 69, 81-82 (3d Cir. 2019). Although it does not appear that Jerry-El sought leave to file the Supplemental Complaint, the District Court implicitly granted leave to amend by considering the filing in lieu of his fourth amended complaint, and denied leave to supplement his complaint with a claim against a new party.

Jerry-El challenges on appeal the dismissal of an Eighth Amendment claim against Officer DiBridge involving exposure to second hand smoke. Jerry-El contends that the allegations in his fourth amended complaint, Supplemental Complaint, and other filings were sufficient to state a claim, and that the Magistrate Judge limited the allegations he could include in his complaint by requiring that he set forth a short plain statement of his claim. He separately argues that he stated a claim under the applicable legal standard.

To state an Eighth Amendment claim based on exposure to environmental tobacco smoke ("ETS"), Jerry-El must allege facts indicating that he is being exposed to unreasonably high levels of ETS, which means a risk that is "not one that today's society chooses to tolerate." *See Atkinson v. Taylor*, 316 F.3d 257, 262 (3d Cir. 2003) (quoting *Helling v. McKinney*, 509 U.S. 25, 36 (1993)). He also must allege facts supporting a conclusion that officials were deliberately indifferent to a serious risk of harm. *Id.*

Jerry-El alleged that he sent Officer DiBridge complaints about inhaling second hand cigarette smoke on six dates in the period from May 27, 2016, through May 3, 2017, and that during this period he begged to be moved to a smoke-free block. Suppl. Compl. at 7-

4

8.[3] Jerry-El averred that he was forced to inhale ETS "at a minimum five times a day," and that he coughs, gets dizzy, and is guaranteed a respiratory disease, cancer, and death in the future. He stated that DiBridge and others refused his request for a transfer to a smoke-free block. Suppl. Compl. at 11-12.

Jerry-El's vague allegation as to his level of exposure to ETS from May 2016 to May 2017 is insufficient to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (requiring factual content that allows a court to draw the reasonable inference that the defendant is liable). In reviewing Jerry-El's second amended complaint, the Magistrate Judge noted that he could not evaluate this claim without further details and cited relevant authority. *See* 3/19/18 Report at 9. The Magistrate Judge's order requiring Jerry-El to re-draft his third amended complaint and set forth a short statement of his claim did not preclude him from alleging facts necessary to state a claim. Jerry-El alleged additional facts in a motion for summary judgment, which he reiterates in his brief on appeal, but he did not include these allegations in his Supplemental Complaint. We do not consider them in assessing the sufficiency of his pleading. *Frederico v. Home Depot*, 507 F.3d 188, 201-02 (3d Cir. 2007). As Jerry-El was afforded several opportunities to amend his complaint, we find no error in the dismissal of this claim. Allowing further amendment would be inequitable.[4]

---

[3] The Supplemental Complaint filed May 23, 2019, is the operative pleading. *See Garrett*, 938 F.3d at 82. Jerry-El's allegations in his fourth amended complaint in this regard, however, are the same.

[4] Jerry-El noted in his third amended complaint that an inmate in an adjacent cell constantly blew ETS through his cell vent during the day and at night. This complaint was superseded by his Supplemental Complaint and it is not before us on appeal. *See Palakovic v. Wetzel*,

Jerry-El also challenges the dismissal of a claim against Officer Shaffer. He alleged that Shaffer called him a "rat" and a "snitch" after he read Shaffer a letter he wrote reporting that Shaffer had assaulted inmates. He averred that Shaffer placed his life in danger by branding him a rat and a snitch and that other inmates pushed his wheelchair into a wall and stole his drinking cup and filled it with feces. *See* Suppl. Compl. at 6, 11.

The District Court did not specifically address these allegations, but we agree with its determination that Jerry-El failed to state an Eighth Amendment claim. Although courts of appeals have held that labeling an inmate a snitch can give rise to a constitutional violation, *see Benefield v. McDowall*, 241 F.3d 1267, 1271 (10th Cir. 2001), Jerry-El does not allege that Shaffer communicated the label to other inmates or other facts supporting the conclusion that Shaffer created a risk of serious harm.

Jerry-El also argues that he stated an Eighth Amendment claim against Officer Bearjar based on exposure to ETS beginning in November 2017, and that the District Court erred by not considering whether he stated a claim. As noted above, the District Court ruled that the claim was improperly joined and dismissed it without prejudice to his bringing his claim in a new complaint.

Jerry-El has shown no error in this regard. His claim against Bearjar concerns a different time period than his claim against DiBridge involving exposure to ETS, and his brief reflects that it also involved a different cell block. *See DirecTV*, 467 F.3d at 844 (misjoinder occurs when "the events that give rise to the plaintiff's claims against defendants do not

854 F.3d 209, 220-21 (3d Cir. 2017).

6

stem from the same transaction"). In accordance with Federal Rule of Civil Procedure 21, the District Court dropped Bearjar from the action by dismissing Jerry-El's claim against him without prejudice. *See id.* at 845. In addition, the District Court had discretion to prohibit a new claim so late in the case. *See Garrett*, 938 F.3d at 89 (noting discretionary nature of decision whether to allow a supplemental pleading).

Jerry-El next challenges the dismissal of a retaliation claim against Captain Nose and Lieutenant Beers, who he alleged told him to pack his belongings and move to D-block because he was filing too many grievances against staff members. Jerry-El alleged that Nose repeated this the next day and denied his request "to be placed under mental health care." He averred that a week later Deputy Superintendent Glass moved him to H-block, a non-medical cell block. *See* Suppl. Compl. at 6.

The District Court had afforded Jerry-El leave to amend his Eighth Amendment claims after the filing of his second amended complaint and ultimately ruled that the alleged cell moves did not give rise to an Eighth Amendment claim. To the extent Jerry-El sought to bring a First Amendment retaliation claim against Nose and Beers, we agree with Appellees that he fails to state a claim.

Jerry-El was required to plead that he engaged in constitutionally protected conduct, that there was "retaliatory action sufficient to deter a person of ordinary firmness from exercising [his] constitutional rights," and that there was "a causal link between the constitutionally protected conduct and the retaliatory action." *Conard v. Pa. State Police*, 902 F.3d 178, 183 (3d Cir. 2018) (internal quotations and citations omitted). Although filing grievances is protected conduct, *Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016), Jerry-

7

El did not allege when, or if, he had filed grievances. In addition, his allegations do not reflect that he suffered a retaliatory or adverse action. While the deterrence threshold is "'very low,'" *Conard*, 902 F.3d at 185 (internal quotation marks omitted), Jerry-El did not allege facts regarding the nature of his housing assignment before the cell move or supporting a conclusion that the move was an adverse action.

Jerry-El also contends that he states a claim against Jamey Luther, Superintendent of Laurel Highlands SCI, and John Wetzel, Secretary of the Department of Corrections, who condoned the constitutional violations committed by Shaffer, DiBridge, Nose, Beers, and Bearjar, and could have rectified the harm in response to his grievances. This argument lacks merit because, as discussed above, Jerry-El did not state a constitutional claim and the District Court did not err in dismissing his claim against Bearjar. To the extent Jerry-El also argues that Luther and Wetzel could have rectified an Eighth Amendment violation by DiBridge based on his refusal to have a handicap shower fixed, Jerry-El did not allege facts indicating that the defendants were deliberately indifferent to a substantial risk of serious harm. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (addressing deliberate indifference standard for an Eighth Amendment claim).

We have reviewed Jerry-El's remaining arguments challenging, among other things, rulings on his discovery and summary judgment motions, and conclude that they lack merit and do not warrant further discussion.

Accordingly, we will affirm the judgment of the District Court.[5]

---

[5] Jerry-El's motion to correct a motion to proceed and exceed page or word limitations for his brief is denied as moot as the latter motion was previously granted.