**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-1939
_____

CHAKA KWANZAA,
                                        Appellant

v.

GIRARD TELL, OFFICER, PLEASANTVILLE POLICE DEPARTMENT;
RYAN VAN SYCKLE
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 1-19-cv-16052)
District Judge:  Honorable Renée M. Bumb
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
May 25, 2022
Before:  RESTREPO, PHIPPS and RENDELL, <u>Circuit Judges</u>

(Opinion filed: November 8, 2022)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Pro se Appellant Chaka Kwanzaa appeals from the judgment of the United States District Court for the District of New Jersey in this civil rights action. For the reasons set forth below, we will affirm the District Court's judgment in part, vacate in part, and remand this matter for further proceedings.

## I.

In the operative second amended complaint, Kwanzaa, proceeding in forma pauperis, brought claims with two other plaintiffs, his wife, Peggy Boler Kwanzaa ("Boler"), and Lamont Scott, neither of whom had moved for in forma pauperis status or paid the fee. They sued the defendants under 42 U.S.C. § 1983 in relation to several incidents.

Because we write primarily for the parties, who are familiar with the facts, we will discuss the details of the claims only as they are relevant to the analysis. To summarize, in his second amended complaint, Kwanzaa alleged that, in 2019, a police officer, Defendant Tell, racially profiled him, approached him and arrested him without probable cause, and stole a diamond ring from the console of his car. Kwanzaa further claimed that Tell, with Defendant Van Syckle, assaulted him, and that two senior police department officials were liable because of their roles in supervising and training Tell and Van Syckle. Kwanzaa connected the incident to a 2017 traffic ticket for driving without a license that he claimed was improperly issued. Kwanzaa also included a claim that his due process rights were violated by delays in the resolution of his criminal case arising

2

from the 2019 arrest. Finally, Kwanzaa alleged that, at some point, four police officers handcuffed him because he elected to represent himself in Municipal Court. Also included in the complaint were claims relating to a traffic stop of Scott while he was riding as a passenger in a car owned by Boler, who arrived at the scene of the traffic stop and asked that the officers not search the vehicle.

The District Court screened the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismissed all of Kwanzaa's claims with prejudice except one, Kwanzaa's claim that Defendant Tell stole a ring out of his car during a search incident to his arrest. The District Court also refused to consider the claims brought by Boler and Scott because they had not paid a filing fee or moved to proceed in forma pauperis. Once both parties complied with the fee requirements, the District Court ordered each of their cases severed from Kwanzaa's action.

Kwanzaa filed a motion to reconsider the dismissal of his claims and later renewed his request for a ruling. Tell moved for summary judgment. The District Court "administratively terminated" both motions pending the outcome of Kwanzaa's motion for counsel. After the motion for counsel was denied, Kwanzaa renewed his request for a ruling on his motion to reconsider. The District Court then granted summary judgement in favor of Tell after concluding that Kwanzaa offered no evidence to dispute Tell's evidence that he did not steal the ring. The District Court nonetheless invited Kwanzaa to

3

move for reconsideration if he wished to present an affidavit that would support his claim concerning the stolen ring. Instead, Kwanzaa timely appealed.

II.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a grant of summary judgment and dismissal under 28 U.S.C. § 1915 is de novo. See Allah v. Seiverling, 229 F.3d 220, 223 (3d Cir. 2000); Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). To survive dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). Summary judgment is proper where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006).

III.

Although some of Kwanzaa's arguments on appeal are difficult to decipher, he appears to argue:[1] (1) relating to his claim that his ring was stolen, the District Court

---

[1] Kwanzaa also alleges that the District Court "acted in a biased manner, extending favorable rulings to the defendants even in the face of overwhelming evidence." The only ruling Kwanzaa identifies as "bias[ed]" is the District Court's ruling on summary judgment. Although Kwanzaa's allegation is vague and conclusory, to the extent that he seeks to refer to something other than the summary judgment decision, we have reviewed

4

erred in (a) granting summary judgment to Defendant Tell in light of the holding of <u>Heck</u> <u>v. Humphrey</u>,[2] and (b) dismissing the claim against Defendant Van Syckle; (2) the District Court erred in severing the suits of the other plaintiffs; and (3) the District Court erred in failing to rule on his motion to reconsider.

First, the District Court properly granted summary judgment in favor of Tell on Kwanzaa's claim that his ring was stolen by Tell during the arrest. In moving for summary judgment, Tell averred that he did not steal a "ring, diamond ring, item of jewelry, or any thing of any value to Mr. Kwanzaa." <u>See</u> ECF No. 34-6, at *2. Kwanzaa provided no evidence to the contrary. On appeal, Kwanzaa relies on <u>Heck</u> to argue that the District Court erred in granting summary judgment without considering the effect of the dismissal of the criminal charges. However, the District Court did not rely on <u>Heck</u> to bar Kwanzaa's claim and the outcome of his criminal charge was irrelevant to the District Court's grant of summary judgement. Kwanzaa also argues that the District Court erred in dismissing Defendant Van Syckle because Van Syckle stole his ring. However, the claim that Van Syckle stole his ring conflicts with Kwanzaa's second amended complaint, wherein he alleged that Defendant Tell stole his ring. ECF No. 5, at *11.

---

the record and see no evidence of bias. <u>See</u> <u>Securacomm Consulting, Inc. v. Securacom Inc.</u>, 224 F.3d 273, 278 (3d Cir. 2000) (repeating that disagreement with legal rulings "does not form an adequate basis for recusal").

[2] 512, U.S. 477 (1994)

Next, Kwanzaa appears to argue that the District Court erred in severing Boler's and Scott's claims, but we discern no error. As the District Court explained, misjoinder of claims occurs when, among other things, the events that give rise to the plaintiff's claims do not stem from the same transaction. See DirecTV, Inc. v. Leto, 467 F.3d 842, 844 (3d Cir. 2006). To remedy misjoinder, Federal Rule of Civil Procedure 21 allows District Courts to sever the claims and proceed with them separately. Here, the District Court did not abuse its discretion in determining that Kwanzaa's claims did not stem from the same transaction as the incident underlying Kwanza's where the severed claims arose following a traffic stop of a different driver, in a separate town, nearly two months later. See DirecTV, Inc., 467 F.3d at 844 n.1.

Finally, Kwanzaa argues that the District Court erred because it failed to rule on his "motion for reconsideration pursuant to Fed. R. Civ. Proc. 59(e)." App. Br. at *2. Kwanzaa filed a motion requesting the District Court reconsider the order dismissing the majority of his claims. Initially, the District Court administratively terminated the motion, as well as the Defendants' motion for summary judgment, pending the disposition of a counsel motion. After the District Court denied the counsel motion, Kwanzaa requested a ruling on his reconsideration motion. The District Court then administratively reopened the summary judgment motion and granted it without reopening or explicitly ruling on the motion for reconsideration.

Under the circumstances, we construe the District Court's actions as an

6

implicit denial of the motion for reconsideration.  See United States v. Claxton, 766 F.3d 280, 290 (3d Cir. 2014) ("[T]reating the District Court's failure to issue an explicit ruling as an implicit denial of his … motion."); see also DLJ Mortg. Cap., Inc. v. Sheridan, 975 F.3d 358, 369 (3d Cir. 2020) (construing District Court's decision to "proceed to judgment at the conclusion of the bench trial as an implicit denial of the motion for leave to amend").  We thus consider the motion on the merits, see Claxton, 766 F.3d at 291, granting relief only if the District Court abused its discretion in denying it, see DLJ Mortg. Cap., Inc., 975 F.3d at 369-70.  See also Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999) (explaining also that we review the legal determinations de novo and the factual determinations for clear error).

In his motion for reconsideration, Kwanzaa challenged the District Court's reliance on documents that conflicted with the allegations in his complaint.  Specifically, the District Court relied on a police report that Kwanzaa attached to his complaint to determine that the arresting officer had probable cause to initiate a traffic stop, although Kwanzaa alleged that this report included false statements.  In doing so, the District Court stated that "[w]here the facts as stated in the exhibits cannot be reconciled with the facts alleged in the pleading, the exhibit controls."  ECF No. 6, at *2-3.  In fact, as we recently explained, the opposite is true.  See Doe v. Princeton Univ., 30 F.4th 335, 342 (3d Cir. 2022) ("When the truth of facts in an 'integral' document are contested by the well-pleaded facts of a complaint, the facts in the complaint must prevail.")

7

When evaluating the possible dismissal of a complaint, it was appropriate for the District Court to consider "the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record." Doe v. Univ. of Scis., 961 F.3d 203, 208 (3d Cir. 2020) (alteration in original) (quoting Pension Benefit Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993)). However, "consideration only goes so far." Doe, 30 F.4th at 342. Here, as Kwanzaa argued in his motion to reconsider, the District Court improperly credited the police report that was attached to the complaint over the allegations in Kwanzaa's complaint. This was error. Id.

The District Court appears to have based its dismissal of several of Kwanzaa's claims on its erroneous probable cause determination, including: a claimed Fourth Amendment violation against Tell for an improper search of his vehicle; an apparent claim that Kwanzaa was falsely arrested by Tell and Van Syckle pursuant to the stop; and a claim that Tell and Van Syckle violated his rights to equal protection by engaging in an improper stop and arrest that was improperly motivated by racial profiling.[3]

---

[3] In his motion for reconsideration, Kwanzaa also challenged the dismissal of the two senior police officials related to their role in supervising and training Tell and Van Sycle. However, Kwanzaa did not present anything in his motion for reconsideration that undermined the dismissal of those defendants on the basis that the allegations against them were too vague and conclusory to support a claim. Additionally, on reconsideration, Kwanzaa asked the District Court to consider a state court ruling dismissing a charge of "obstruction of justice" that post-dated the District Court's ruling. On appeal, he assigns error to the District Court for failing to consider the import of the dismissal of his criminal charge or charges in ruling on his claims. We need not reach the issue as it relates to the claims that should have not been dismissed while there remained a factual dispute about probable cause. And it appears that Kwanzaa raises no challenge

Accordingly, we will vacate the District Court's judgment insomuch as it implicitly

denied reconsideration of these claims and remand for further proceedings consistent

with this opinion.  On remand, the District Court may reconsider its dismissal of the

claims in the complaint that turned on the probable cause determination while applying

the standard set forth in Princeton.  We will otherwise affirm the District Court's

judgment.[4]

---

to the dismissal of the claims against the officers who handcuffed him in municipal court, so any argument regarding those claims has been forfeited.  See M.S. by & through Hall v. Susquehanna Twp. Sch. Dist., 969  F.3d 120, 124 n.2 (3d Cir. 2020).  Regardless, we note that, putting aside whether District Court was obligated to consider any state court ruling, the dismissal of any criminal charges is a question distinct from whether there is probable cause to institute criminal proceedings.  See e.g., Dowling v. City of Phila., 855 F.2d 136, 141 (3d Cir. 1988) (inquiry in § 1983 claim based on false arrest "is not whether the person arrested in fact committed the offense but whether the arresting officers had probable cause"); Allen v. N.J. State Police, 974 F.3d 497, 504 (3d Cir. 2020) (explaining that a litigant must show that that a defendant initiated a proceeding without probable cause in order to prevail on a malicious prosecution claim).

[4] We deny Appellee Tell's motion to supplement the record as moot.  The information Appellee requests to be supplemented into the record was submitted in the District Court by Appellant.  See ECF No. 21, at *8-16.