**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2932

_____

RODNEY ANDERSON,
                                        Appellant

v.

KEVIN KAUFFMAN, Superintendent of SCI-Huntingdon;
MS. C. NERI, Psychologist Department at SCI-Huntingdon;
MS. COUSINS, Psychiatrist of SCI-Huntingdon

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 1:22-cv-00226)
District Judge:  Honorable Jennifer P. Wilson

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
January 7, 2026

Before:  HARDIMAN, FREEMAN, and ROTH, *Circuit Judges*

(Opinion filed: May 19, 2026)

_____

OPINION[*]

_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

Rodney Anderson appeals following the District Court's entry of summary judgment in favor of the defendants remaining at that time. We will affirm the entry of summary judgment, but we will vacate in part the court's earlier order dismissing some of Anderson's other claims and remand for further proceedings.

I.

Anderson is a Pennsylvania prisoner. He filed this civil action pro se under 42 U.S.C. § 1983 and asserted numerous claims regarding his treatment at SCI-Huntingdon. His first category of claims related to his mental-health treatment during the first five months of the COVID-19 pandemic. His other claims concerned numerous other matters, including the heat and lighting in his cell, his access to the law library, his mail, and issues regarding his prison employment.

Defendant Cousins, whom Anderson named as a defendant only on his mental-health claims, filed a motion to dismiss the claims against her. The remaining 12 defendants (the "DOC defendants") filed a motion to dismiss the claims against them too. The DOC defendants sought dismissal solely on the merits and did not argue that Anderson had improperly joined his claims in a single suit.

The District Court nevertheless held that Anderson had improperly joined his claims. The court sua sponte limited the case to his mental-health claims, and it dismissed all of his other claims without prejudice to his ability to raise them in a separate suit (which he has not done). The court also dismissed his mental-health

claims on the merits but with leave to amend as to those claims only.

Anderson then filed an amended complaint limited to his mental-health claims against Cousins, C. Neri, and Kevin Kauffman. On Cousins's motion, the court dismissed Anderson's claims against her with prejudice. Kauffman and Neri waived their right to reply to the complaint pursuant to 42 U.S.C. § 1997e(g), and they and Anderson later filed cross-motions for summary judgment. The court denied Anderson's motion but granted Kauffman's and Neri's motion and entered judgment in their favor. Anderson appeals. We have jurisdiction under 28 U.S.C. § 1291.

## II.

Anderson raises three challenges that we will address. The first two lack merit, but the third requires remand.

## A.

Anderson challenges the dismissal of his mental-health claims against Cousins and the entry of summary judgment on his mental-health claims against Neri. (Anderson's opening brief does not directly challenge the entry of summary judgment on his claims against Kauffman, but to the extent that it can be read to do so we would affirm for the reasons explained by the District Court.) Cousins argues that Anderson forfeited this challenge as to her because his opening brief merely reiterates his claims without raising any specific challenge to the court's reasons for rejecting them. Cousins is largely right, but we liberally construe Anderson's pro se brief to challenge these rulings. Our review is plenary. *See Palakovic v. Wetzel*, 854 F.3d 209, 219 (3d Cir. 2017); *Parkell v.*

3

*Danberg*, 833 F.3d 313, 323 (3d Cir. 2016).

Having conducted that review, we will affirm substantially for the reasons that the court explained. Anderson suffers from bipolar disorder. He claims that defendants provided inadequate mental-health treatment during the first five months of the COVID-19 pandemic. In particular, he claims that he complained of increasing anxiety but that defendants failed to meet with him in person for months, in part due to restrictions on in-person visits occasioned by the pandemic. On that basis, he claimed that defendants violated his rights under the Eighth Amendment, the Americans With Disabilities Act ("ADA"), and the Rehabilitation Act ("RA").

But as the court explained, Anderson's allegations against Cousins and the summary judgment record show that Anderson received constitutionally adequate care. Among other things, defendants in fact provided some in-person care during the period in question and provided other care as well, including by continuing Anderson's medication, monitoring his compliance with that medication, and providing him with written materials. All in all, the court properly held that Anderson showed at most the kind of disagreement regarding the care provided that is insufficient to support his Eight Amendment claims. *See Parkell*, 833 F.3d at 335, 337.

As for Anderson's claims under the ADA and RA, the court held that there is no individual liability under Title II of the ADA, *see Emerson v. Thiel Coll.*, 296 F.3d 184, 189 (3d Cir. 2002) (citing *Garcia v. S.U.N.Y. Health Scis. Ctr. of Brooklyn*, 280 F.3d 98, 107 (2d Cir. 2001)), or under the RA, *see id*. at 189-90. Anderson does not directly

4

challenge those ruling in his opening brief, and we see no basis to disturb them. Thus, we will affirm the court's rulings on Anderson's mental-health claims.

## B.

Anderson also challenges the court's denial of his motions for appointment of counsel. We review those rulings for abuse of discretion, *see Parkell*, 833 F.3d at 340, and we discern none. The court identified the relevant factors, *see id.*, and it declined to appoint counsel because it held that Anderson's claims lacked sufficient potential merit. That assessment was not an abuse of discretion given issues pending at the relevant times.[1] Anderson argues that the court should have appointed counsel because he suffers from mental illness. But that circumstance would have been relevant only if he showed a sufficiently meritorious claim, which he did not. In any event, the court clearly was aware of Anderson's mental illness (which the Magistrate Judge specifically noted), and it does not appear to have prevented him from litigating his fairly straightforward claims. Thus, we will affirm these rulings as well.

## C.

Finally, Anderson argues that the court erred in sua sponte limiting this suit to his

---

[1] The court denied Anderson's first motion for counsel (through a Magistrate Judge's order, which Anderson did not challenge) shortly after he filed his initial complaint. The court then denied his repeated motions for counsel as part of its orders of dismissal. The court noted that its rulings were without prejudice to further consideration in the future, but Anderson never sought appointment of counsel in the District Court thereafter. He also does not argue that the court abused its discretion by failing to appoint counsel sua sponte at any later stage, and we cannot say that it did.

mental-health claims and dismissing his others for improper joinder. Although we review this issue too only for abuse of discretion, *see Hagan v. Rogers*, 570 F.3d 146, 152 (3d Cir. 2009); *DirecTV, Inc. v. Leto*, 467 F.3d 842, 846-47 (3d Cir. 2006), we agree.

In support of this ruling, the court cited Fed. R. Civ. P. 18 and 20 and held that "several of [Anderson's] claims arose out of separate incidents and are, therefore, improperly joined." (ECF No. 45 at 6.) This analysis appears to conflate the joinder of claims and the joinder of parties.[2] But even if the court were authorized to dismiss claims on this basis, it erred in doing so here for two reasons.

First, the court should have given Anderson leave to amend his entire complaint instead of sua sponte limiting its scope. The plaintiff is the master of the complaint, *see Dennis v. City of Phila.*, 19 F.4th 279, 291 (3d Cir. 2021), and leave to amend a complaint should be freely given as justice requires, *see* Fed. R. Civ. P. 15(a)(2). In this case, leave to amend the entire complaint might have allowed Anderson to cure the

---

[2] Joinder of claims is governed by Rule 18, which allows a party to join in a single suit "as many claims as it has against an opposing party." Fed. R. Civ. P. 18(a). Thus, "there is no restriction on the claims that may be joined in actions brought in the federal courts" and "there can be no misjoinder of claims." 6A *Wright & Miller's Federal Practice and Procedure* § 1582 (3d ed. 2025). There <u>can</u> be misjoinder of parties if their joinder is not proper under Rule 20. In that event, a court can drop a misjoined party under Rule 21 and thus effectively dismiss the claims against that party. *See DirecTV*, 467 F.3d. at 846. But that is not what the court did here. Kauffman, for example, was a defendant both on Anderson's mental-health claims and on many of his other claims. And given Kauffman's status as a defendant on the mental-health claims, it was proper as a matter of joinder for Anderson to assert his other claims against Kauffman too. *See* Fed. R. Civ. P. 18(a); 6A *Wright & Miller's Federal Practice and Procedure* § 1582 (3d ed. 2025) and 7 *Wright & Miller's Federal Practice & Procedure* § 1655 (3d ed. 2025).

perceived issues with misjoinder or, at the very least, decide for himself which claims to pursue in the face of the court's joinder-related concerns.

Second, the court did not address whether the dismissal of Anderson's other claims prejudiced him, as their dismissal appears to have done. When claims against defendants are improperly joined, a court should sever the misjoined claims instead of dismissing them if dismissal would prejudice the plaintiff. *See DirecTV*, 467 F.3d at 846-47. And dismissal of a claim prejudices the plaintiff when, inter alia, the claim was timely when asserted but the statute of limitations has since expired. *See id.* at 845-47. That appears true as to at least some of the non-mental-health claims here.[3] Thus, the court should have addressed this issue and considered severing these claims instead.[4]

### III.

For these reasons, we will vacate the dismissal of Anderson's non-mental-health claims and remand for further proceedings on those claims. We will otherwise affirm the judgment of the District Court. Anderson's motion to withdraw his first two reply briefs

---

[3] Anderson's § 1983 claims were governed by a two-year statute of limitations. *See Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009). Most of the claims that the court dismissed for improper joinder were based on conduct that occurred in 2020. Thus, it appears that these claims were timely when asserted but that the statute of limitations had run when the court dismissed them on February 7, 2023, thereby preventing Anderson from pursuing them in a separate suit. *See DirecTV*, 467 F.3d at 845.

[4] The DOC defendants argued in the District Court that Anderson failed to state these claims on the merits. Defendants have not repeated that argument on appeal, and we decline to consider the sufficiency of these claims sua sponte and in the first instance. The District Court can consider that issue as might be appropriate on remand.

7

and to replace them with a corrected reply brief is granted, and we deem the corrected reply brief docketed as Docket No. 45 to be Anderson's reply brief. Appellee Cousins's motion to strike the reply brief docketed at Docket No. 43 is denied as unnecessary.